In re MEMORIAL HERMANN HOSPITAL SYSTEM d/b/a Memorial Hermann Southeast Hospital, Relator.

In re Mohammad Siddiqi, M.D., and Philip A. Haynes, M.D., Ph.D., Relators.

Nos. 14–06–00899–CV, 14–06–00913–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 30, 2006.

Craig Smyser, Christina A. Bryan, Houston, for appellant.

Callie E. Murphy, Charles C. Brenning, Phillip A. Pfeifer, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices HUDSON and EDELMAN.

## OPINION

**PER CURIAM.**

Relator Memorial Hermann Hospital Systems, d/b/a Memorial Hermann Southeast Hospital ("MHHS"), and relators, Mohammad Siddiqi, M.D. and Philip A. Haynes, M.D., Ph.D. (the "Doctors"), filed petitions for a writ of mandamus in this Court, seeking relief from an order signed by respondent, the Honorable Patricia Hancock, presiding judge of the 113th Judicial District Court, Harris County, Texas, granting a petition to conduct oral depositions under Rule of Civil Procedure 202, filed by real party in interest Wendy Guzman concerning emergency medical care provided to Guzman's son, Tristan.[1] For the reasons discussed below, we conclude that the trial court's order granting the oral depositions of relators in this case is an abuse of discretion for which relators have no adequate remedy by appeal. Accordingly, in both Cause No. 14–06–00899 and Cause No. 14–06–00913, we conditionally grant the petitions for a writ of mandamus.

### BACKGROUND

The mandamus record indicates that seven year-old Tristan Guzman received emergency medical treatment on two consecutive days, February 12 and February 13, 2006, at MHHS's emergency room. Doctor Haynes was the attending emergency room physician on February 12, and Dr. Siddiqi was the attending emergency room physician on February 13. Nurse Tammy McCrumb also participated in Tristan's care on February 13. Tristan was eventually transferred to another facility, where he remained hospitalized for over two months.

1. Relators also filed motions seeking emergency relief to stay the depositions. This court issued an order on October 16, 2006, granting the emergency stay.

On August 23, 2006, Wendy Guzman filed a petition under Rule 202, seeking to depose the Doctors and McCrumb. Relators filed motions to quash and objections to the petition, arguing the pre-suit depositions were prohibited under the Texas Medical Liability Act (the "TMLA").[2] After conducting a hearing, respondent signed an order on September 25, 2006 (the "September 25 order"), stating, in part, the following:

> a. Section 74.351(s) ... does not apply to a Rule 202 deposition because there is no health care liability claim that is being prosecuted at the present time, as no notice of claim has been given. In re Allan, 191 S.W.3d 483 (Tex.App.-Tyler 2006);
>
> b. An alternative basis for this order is that even if Section 74.351(s) applies to potential claims by a person who has not yet filed a notice of claim against any health care provider or physician, Section 74.351(s)(3) specifically permits discovery from nonparties under Rule 205 of the [ ]. Rule 205 expressly permits a Rule 202 oral deposition of a nonparty. Since no notice has been given to any party, and no claim has been instituted, all the persons whose depositions have been compelled by this order are nonparties, and therefore the Rule 202 depositions are permissible under Rule 205.

Relators seek a writ of mandamus compelling respondent to vacate the September 25 order.

## STANDARD OF REVIEW

■ Mandamus relief is available when the trial court abuses its discretion or violates a legal duty, and there is no adequate remedy at law. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex.2004) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992)). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005). There is no adequate remedy by appeal when an appellate court cannot remedy a trial court's discovery error. *In re Dana Corp.*, 138 S.W.3d at 301; *see also In re Allan*, 191 S.W.3d 483, 489 (Tex.App.-Tyler 2006, orig. proceeding [mand. pending]) (concluding an order granting Rule 202 depositions of health care parties against whom a suit is contemplated is interlocutory and not a final, appealable order).

## DISCUSSION

■ Relators argue that the express language of subsections 74.351(s) and (u), and the legislative intent underlying the TMLA, preclude pre-suit oral depositions of health care defendants. They assert that, by allowing Guzman to conduct the pre-suit oral depositions, the trial court has interpreted Rule 202 as controlling over the statute's provisions, violating section 74.002.[3]

Contrarily, Guzman argues that the TMLA does not prohibit the pre-suit oral depositions because the statute does not apply to "potential" health care claims, and she is not a "claimant" as defined in the statute. Guzman argues that, even assuming the TMLA is applicable, section 74.351 and Rule 205 expressly permit oral depositions of nonparty witnesses through a Rule

---

2. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 74.001–.507 (Vernon 2005).

3. That section states that, in the event of a conflict between chapter 74 and another law, chapter 74 controls. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.002(a).

202 petition.[4] The trial court's order reflects it granted the petition based on both of Guzman's arguments; therefore, we address the two issues raised here: (1) whether discovery may be conducted under Rule 202 when chapter 74 precludes it, and (2) if chapter 74 is considered, whether the health care defendants are nonparties excepted from the discovery stay under section 74.351(s).

When interpreting a statute, our primary objective is to ascertain and give effect to the legislature's intent. *Sultan v. Mathew,* 178 S.W.3d 747, 749 (Tex.2005). "To discern that intent, we consider the objective the law seeks to obtain and the consequences of a particular construction." *Id.* We consider the statute as a whole and give meaning to the language that is consistent with all of its provisions. *Id.*

■ Due to the "medical malpractice insurance crisis" in Texas, by enacting chapter 74, the legislature sought to reduce the frequency, severity, and costs of health care liability claims. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.001 historical note (Vernon 2005). Pursuant to these objectives, the TMLA requires, in part, that a party asserting a cause of action against a health care provider for injuries or death proximately caused by the provider's treatment, lack of treatment, or other alleged breach of the standard of care, must file an expert report within 120 days after filing the claim. *See id.* §§ 74.001(12)-(13),

74.351; *see In re Raja,* No. 11–06–00137–CV, 2006 WL 2075230, at *1, —— S.W.3d ——, —— (Tex.App.-Eastland July 27, 2006, orig. proceeding, pet. filed) (describing section 74.351 as the "principle tool" used by the legislature to reduce the frequency and costs of health care liability claims). Until the expert report is filed, section 74.351(s) provides that all discovery is stayed, except as follows:

> acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:
>> (1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;
>> (2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and
>> (3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

*Id.* § 74.351(s). Further, section 74.351(u) provides that, regardless of any other provision in the section, "after a claim is filed all claimants, collectively, may take not more than two depositions before the expert report is served as required by Subsection (a)."[5] Tex. Civ. Prac. & Rem.Code Ann. § 74.351(u). Rule 202 permits a person to petition the court for an order authorizing the taking of a deposition to perpetuate or obtain testimony for use in an

---

4. In her response, Guzman also asserts that she has the right to investigate remedies beyond the scope of chapter 74—for example a federal cause of action based on the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd—and the right to perpetuate testimony in anticipation of a disciplinary action to the Texas Medical Board. However, Guzman did not raise this argument in the trial court nor does her petition reflect that the oral depositions were sought in pursuit of those remedies.

5. Subsection (a) of 74.351 provides, in part, as follows:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. *Id.* § 74.351(a).

anticipated suit or to investigate a potential claim or suit. Tex.R. Civ. P. 202.1.

In her petition, Guzman seeks the oral depositions of the Doctors and McCrumb in contemplation of a health care claim regarding Tristan's medical care, stating she "seeks to perpetuate testimony of potential witnesses in potential future litigation or investigate potential claims for personal injuries against all persons or entities who may have caused or contributed to the severity of" Tristan's illness. MHHS and the Doctors are listed as potentially adverse parties in the petition, and it states that venue is proper in Harris County "[i]n the event that the investigation of this potential claim shows sufficient reason to pursue a lawsuit." Further, the petition states that "detailed information concerning the events involving the medical care, medical testing and evaluation of [Tristan] ... including evaluation of the reasoning of the medical care providers, ... and other matters that may be germane to the evaluation of whether there is a basis for legal action concerning this matter, and if so, the identities of potential parties and witnesses."

■ Generally, a proceeding to conduct pre-suit discovery from a party against whom a lawsuit is contemplated is considered ancillary to the contemplated suit; it is "in aid of" and incident to the anticipated litigation. *Office Employees Int'l Union Local 277 v. Southwestern Drug Corp.*, 391 S.W.2d 404, 406 (Tex.1965); *IFS Sec. Group, Inc. v. Am. Equity Ins. Co.*, 175 S.W.3d 560, 562 (Tex.App.-Dallas 2005, no pet.). Therefore, in this case, because the Rule 202 proceeding is in aid of a contemplated health care claim, the TMLA should be considered in determining the petitioner's ability to obtain the requested discovery. Further, when the rule conflicts with the legislation, the statute expressly controls. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.002(a). Thus, where pre-suit oral depositions of health care defendants are not allowed under section 74.351, the depositions should not be permitted under Rule 202. To conclude otherwise would allow a Rule 202 petitioner to avoid the carefully crafted report requirements and discovery stay set out in section 74.351, subverting the legislature's stated intent in passing the statute. *See, e.g., In re Raja,* 2006 WL 2075230, at *3, —— S.W.3d at ——.

*In re Raja,* decided by the Eastland Appeals Court, is instructive. Under circumstances similar to those here, the court in *Raja* relied on the factual findings made by the legislature when passing chapter 74, and concluded that section 74.351 precludes pre-suit depositions of doctors. *See id.* at *3–4, at —— – ——. The court stated that limiting almost all discovery pending production of an expert report serves the stated purposes of the legislation, and allowing a Rule 202 petitioner to avoid the discovery stay in section 74.351(s) "reads an exception into the act which was not included by the legislature." *Id.* at *4, at ——; *but see In re Allan,* 191 S.W.3d at 488 (concluding the legislative history of chapter 74 indicated that Rule 202 pre-suit depositions were permissible under the TMLA).[6] We agree with the *Raja* court's reasoning.

---

6. In *Raja,* the court acknowledged its decision was contrary to that reached by the Tyler appellate court in *In re Allan. In re Raja,* 2006 WL 2075230, at *2–3. In *Allan,* the trial court denied a Rule 202 petition for depositions, concluding Rule 202 conflicted with section 74.351(s) and, under 74.002(a), section 74.351 controlled. 191 S.W.3d at 484. The Tyler appeals court examined section 74.351(s) to determine if "health care liability claim" under chapter 74 included "potential" health care liability claims. *Id.* at

We also agree with the *Raja* court's statement that this conclusion does not mean a Rule 202 petition is a "health care liability claim," thereby triggering the 120–day period in section 74.351(a), nor is a pre-suit Rule 202 petitioner a health care liability "claimant," as Guzman's argument implies. As discussed above, the pre-suit oral depositions are sought in anticipation of a health care liability claim and, in light of the legislature's purposes in enacting chapter 74 and the express language of section 74.002(a), a Rule 202 petition to conduct pre-report oral depositions of health care professionals should be considered under the strictures of chapter 74. *See In re Raja*, 2006 WL 2075230, at *3, —— S.W.3d at ——.

■ Similarly, we reject the argument that the depositions are expressly permitted because the proposed deponents are nonparties. Section 74.351(s)(3) excepts from the pre-report stay discovery sought from nonparties under Rule 205. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(s). Rule 205.1 provides, in part, that a party may compel discovery from a nonparty, defined as "a person who is not a party or subject to a party's control," by obtaining a court order or by serving a subpoena. Tex.R. Civ. P. 205.1. Guzman reasons that the proposed deponents are, at this point, merely "persons interested" in the matter, but they are not "parties"; therefore, as nonparties, the pre-suit oral depositions

are permitted under section 74.351(s)(3). That argument, however, is similar to the issues addressed above and does not alter the analysis. To conclude that Rule 202 pre-suit oral depositions are not subject to the report requirements and stay provision under section 74.351 because the health care professionals are "non-parties" ignores the purpose of the legislation and its provisions. *See In re Raja*, 2006 WL 2075230, at *2–3, —— S.W.3d at —— ——.

■ Finally, Guzman claims that the "wilful and wanton" negligence standard that applies to emergency care under the statute necessitates pre-report oral depositions.[7] Guzman asserts that while deviations from the standard of ordinary care may be gleaned from medical records, wilful and wanton negligence requires depositions. In support of her argument, Guzman attached Tristan's medical records.

Even assuming that Guzman's overly broad statement may be correct, section 74.351 does not stay other, less costly forms of discovery. Additionally, once a claim is filed, chapter 74 requires health care defendants to comply with the discovery procedures set out in the legislation. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.352.

### CONCLUSION

In conclusion, section 74.002(a) provides that chapter 74 controls when another law

---

486. Noting that under the common law, a "cause of action"—as a claim is defined under chapter 74—includes the essential facts known, but a potential claim does not, the *Allan* court concluded a "potential" cause of action is not a cause of action. *Id.* at 487. However, in *Raja*, after observing that the *Allan* court "comprehensively reviewed" the legislative history of section 74.351, the court stated that the changes made by committees or various legislators during the statute's history could not override the express language ultimately adopted by the legislature nor its

stated findings and purposes. *Id.* at *3, at ——.

7. Under section 74.153, a health care liability claim against a physician or health care provider for injury or death arising out of emergency medical care requires a showing, by a preponderance of the evidence, that the health care provider departed from accepted standards of medical care or health care "with wilful and wanton negligence." Tex. Civ. Prac. & Rem.Code Ann. § 74.153.

or rule conflicts with its provisions. Given the nature of a Rule 202 proceeding, a petitioner under that rule should not be able to conduct discovery which is not allowed under the TMLA and thereby subvert the purposes of the legislation. Because the trial court's order permits oral depositions to be conducted contrary to the TMLA, the order is an abuse of discretion. We conditionally grant the petitions for writ of mandamus and order the trial court to vacate its September 25, 2006 order. The writ will issue only if the trial court fails to act in accordance with this opinion.