In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00128-CV


______________________________





IN RE:


SAMUEL DREW TEMPLE, M.D.








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Carter and Moseley, JJ.

Opinion by Chief Justice Morriss

Concurring Opinion by Justice Moseley


O P I N I O N


 During the knee replacement surgery performed November 17, 2005, on Robert
Christophersen's right knee, the knee replacement device implanted into the knee was an apparatus
designed to be fit into a left knee joint. Christophersen seeks initial pre-suit discovery to determine
who to sue.

 Christophersen originally sought permission from the trial court to take the oral depositions
of several people in anticipation of filing a lawsuit against Samuel Drew Temple, M.D., the
orthopedic surgeon at Paris Regional Medical Center and Paris Orthopedic Clinic who performed
Chistophersen's surgery, along with others, including Steven D. Rowlan, M.D., (another orthopedic
surgeon at Paris Regional Medical Center and Paris Orthopedic Clinic), Van Neilson (of DePuy
Orthopaedics, the supplier of the knee replacement apparatus), Renata Ragsdale (a licensed medical
anesthetist at Paris Regional Medical Center), and Zaw Win (an anesthesiologist at Paris Regional
Medical Center). However, at the hearing on Christophersen's motion to take pre-suit depositions,
Christophersen limited his pre-lawsuit deposition request to Temple and Neilson only. 
Christophersen further conceded that he would not ask Temple about his opinions regarding health
care related issues; instead, the deposition would be limited to who was responsible for selecting the
knee replacement apparatus that was ultimately implanted into Christophersen's leg. 

 The trial court granted (1) Christophersen's request. Temple has petitioned (2) this Court for a writ
of mandamus directing the trial court to vacate its order allowing Christophersen to depose Temple. 

 Temple asks this Court to issue a writ of mandamus because Christophersen "failed to satisfy
his burden of proving an entitlement to a Rule 202 deposition of [Temple]." See Tex. R. Civ. P. 202.
He further asserts that, because the subject matter of Christophersen's lawsuit will necessarily
concern medical malpractice, Section 74.351 of the Texas Civil Practice and Remedies Code
prohibits the taking of Temple's deposition before the filing of the required expert report.

 We conditionally grant Temple's application because, although (1) the trial court did not
abuse its discretion or violate a duty imposed on it under Rule 202, (2) the trial court's order does
not exclude inquiries of Temple which are forbidden by Section 74.351.

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding); Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992) (orig. proceeding); In re Pilgrim's Pride Corp., 187 S.W.3d 197, 198 (Tex.
App.--Texarkana 2006, orig. proceeding). Mandamus is an extraordinary remedy that will issue
only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the
trial court fails to observe a mandatory statutory provision conferring a right or forbidding a
particular action. Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding). A trial court
abuses its discretion when it acts without reference to any guiding rules or principles or when it acts
in an arbitrary or unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985).

(1) The Trial Court Did Not Abuse Its Discretion or Violate a Duty Imposed on It Under Rule 202 

 The Texas Rules of Civil Procedure permit a person to petition the trial court "for an order
authorizing the taking of a deposition on oral examination or written questions either: (a) to
perpetuate or obtain the person's own testimony or that of another person for use in an anticipated
suit; or (b) to investigate a potential claim or suit." Tex. R. Civ. P. 202.1. To permit such a
deposition, the trial court must find that "(1) allowing the petitioner to take the requested deposition
may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing
the petitioner to take the requested deposition to investigate a potential claim outweighs the burden
or expense of the procedure." Tex. R. Civ. P. 202.4(a). 

 Temple complains that Christophersen's verified petition seeking the deposition does not
articulate how justice would be prevented or delayed by disallowing the deposition of Temple. 
Additionally, Temple asserts that Christophersen could merely request a complete copy of his
medical record and thereby obtain the same information he seeks to obtain via deposing Temple. 
Such an information-gathering procedure, contends Temple, would both be less onerous and provide
Christophersen with a complete remedy for his discovery problem. Temple also correctly notes that
Christophersen presented no evidence at the hearing on his deposition application, evidence that
could show how the benefits of deposing Temple would outweigh the burdens and expenses
attendant thereto. 

 However, despite Temple's erroneous claim to the contrary, Christophersen did present the
trial court with several arguments why the benefits of taking Temple's deposition before filing suit
would outweigh the burdens and expenses associated with the forty-five-minute deposition granted
by the trial court. One such theory advanced by Christophersen before the trial court was the
possibility that the manufacturer of the replacement knee prosthetic "was negligent in providing this
prosthetic device . . . ." According to Christophersen, if Temple's deposition revealed evidence
suggesting the manufacturer provided the wrong prosthetic, then Christophersen's cause of action
would be one of negligence against the manufacturer, rather than a lawsuit against the doctor for
medical malpractice. By determining such in advance of filing suit, Christophersen hoped to avoid
suing unnecessary parties under potentially irrelevant theories of recovery. Christophersen also
expressly promised the trial court that he would avoid deposing Temple concerning any "standard
of care" issues associated with this case. 



(2) The Trial Court's Order Does Not Exclude Inquiries Which Are Forbidden by Section 74.351

 Temple also argues that Rule 202 cannot provide an exception to Section 74.351's prohibition
against allowing a Rule 202 deposition to investigate a potential health care liability claim. In
support of his position, he cites In re Raja, 216 S.W.3d 404, 409 (Tex. App.--Eastland 2006, orig.
proceeding [mand. conditionally granted]); and In re Memorial Hermann Hospital Systems, 209
S.W.3d 835, 840-41 (Tex. App.--Houston [14th Dist.] 2006, orig. proceeding [mand. conditionally
granted]). 

 In In re Memorial Hermann Hospital Systems, the Fourteenth Court of Appeals reviewed a
situation in which a trial court had granted a petition to conduct oral depositions of two physicians
regarding emergency medical care they provided to Wendy Guzman's son, Tristan. 209 S.W.3d at
836-37. The Fourteenth Court of Appeals noted that the express purpose of Guzman's pre-suit
depositions was to support her contemplated health care claim regarding Tristan's medical care. Id.
at 839. The doctors sought to be deposed were also listed as potential adverse parties in Guzman's
original petition. Id. The court then noted that the Legislature had expressly forbidden the type of
pre-suit deposition sought by Guzman, that Rule 202 could trump the Legislature's clear prohibition
against such conduct, and that the depositions of Haynes and Siddiqi could not be permitted based
on the arguments and facts presented to the trial court. Id. at 839-41. "To conclude otherwise would
allow a Rule 202 petitioner to avoid the carefully crafted report requirements and discovery stay set
out in section 74.351, subverting the legislature's stated intent in passing the statute." Id. at 839. 

 In In re Raja, the Eleventh Court of Appeals held a trial court erred by permitting Ulanda
McGruder to take the oral deposition of Pill Raja, M.D. 216 S.W.3d at 409. The appellate court
found the purpose of the pre-suit deposition was "to investigate a potential health care liability
claim." Id. at 405. More specifically, McGruder had sought to depose the doctor in hopes of
learning "what kind of medical care she received during her pregnancy, labor, and delivery and to
determine if she should file suit." Id. at 406. The Eastland court, in a thoughtful and considered
opinion, reviewed both Section 74.351 and Rule 202 of the Texas Rules of Civil Procedure, as well
as the legislative and judicial purposes behind each, and concluded that the rule may not be used to
carve out an exception to the law's prohibition against deposing medical care providers before the
filing of an expert report in a health care liability lawsuit. Id. at 406-09. The court specifically
noted that "[t]he statute contains no exception to the report requirement or discovery stay for
inadequate or incomplete medical records." Id. at 409 (referencing In re Miller, 133 S.W.3d 816,
818-19 (Tex. App.--Beaumont 2004, orig. proceeding [mand. conditionally granted]). The
Eleventh Court, however, acknowledged that the Twelfth Court of Appeals had also recently
considered the same issue and reached a contrary conclusion. Id. at 407 (citing In re Allan, 191
S.W.3d 483 (Tex. App.--Tyler 2006, orig. proceeding [mand. denied]).

 In In re Allan, the Twelfth Court of Appeals faced a similar original mandamus proceeding 
in which Christopher Allan, M.D., had previously been denied permission by the trial court to take
the  oral  and  videotaped  depositions  (pursuant  to  Rule  202)  of  Jack  Jordan,  M.D.,  Donald
Knarr, M.D., and a representative of Tyler Cardiovascular Consultants. 191 S.W.3d at 484. The
Tyler court reviewed the legislative history of Section 74.351, and concluded that the prohibition
against pre-suit depositions provided by Section 74.351(s) "does not include a potential cause of
action." Id. at 488. Therefore, where the party seeks to depose someone regarding a "potential cause
of action" (as opposed to a live "cause of action"), Section 74.351 does not prohibit a Rule 202
deposition. Accordingly, the appellate court held the trial court abused its discretion by forbidding
the depositions at issue. Id. at 485-89.

 Initially, we must remain mindful of the arguments and evidence that were before the trial
court at the time it issued its ruling more than ninety days ago. The record suggests two arguable
theories of recovery against Temple, and thus two different areas of inquiry in a Temple deposition.

 The first arguable theory is that Christophersen planned to sue Temple alleging professional
negligence committed during the knee replacement surgery. Christophersen's verified petition
discussed his surgery and sought the depositions of persons who were all health care providers. 
Thus, at first blush, Christophersen's complaint seems to relate only to whether he was provided an
adequate standard of care during his November 17, 2005, surgery. Such a lawsuit would necessarily
be a health care liability suit; as such, a pre-suit deposition would be impermissible under Section
74.351. If Christophersen's original petition and his subsequent arguments before the trial court are
viewed only in this light, we would be forced to conclude the trial court erred by permitting
Chistophersen to depose Temple before filing the expert report required by the Texas Medical
Liability Act (embodied by Chapter 74 of the Texas Civil Practice and Remedies Code). See Tex.
Civ. Prac. & Rem. Code Ann. §§ 74.001-.507 (Vernon 2005 & Supp. 2007).

 But that is not the full picture. Christophersen's second arguable avenue of recovery is
against the manufacturer or the provider of the incorrect knee replacement joint (or some other
responsible entity) under a theory of products liability or negligence (other than negligence in
providing health care). Claims regarding products liability or negligent manufacture--even when
those items are medical devices--are not expressly or impliedly covered by Chapter 74. See, e.g.,
Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001(a)(10) (definition of "health care" does not expressly
or impliedly include surgically implanted devices), 74.001(a)(11) ("health care institution" does not
expressly or impliedly include manufacturers of medical devices implanted during a surgery),
74.001(a)(12)(A) ("health care provider" does not expressly or impliedly include manufacturers of
health care devices used to cure or treat patients), 74.001(a)(13) ("health care liability claim" does
not expressly or impliedly include cause of action for products liability). Contrast Tex. Civ. Prac.
& Rem. Code Ann. § 16.012(a)(2) (Vernon Supp. 2007) ("products liability" cause of action "means
any action against a manufacturer or seller for recovery of damages or other relief for harm allegedly
caused by a defective product, whether the action is based in strict tort liability, strict products
liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory
or combination of theories, and whether the relief sought is recovery of damages or any other legal
or equitable relief, including a suit for (A) injury or damage to or loss of real or personal property;
(B) personal injury; (C) wrongful death; (D) economic loss; or (E) declaratory, injunctive, or other
equitable relief."). Christophersen advanced this second avenue of recovery at the hearing before
the trial court. More specifically, Christophersen's attorney promised the trial court:

MR. LESHER: . . . I want to point out to the Court that it's my understanding that
it's very possible that a nonhealthcare provider provided this -- the wrong prosthetic
device. And if that's true, then I'm not going to sue any of these doctors.

 And so, instead of taking [the depositions of] the anesthesiologist, the CRNA,
Dr. Temple, and Dr. Rowlan -- well, maybe the primary doctor; all limited to two
depositions; the representative of Dupré and Dr. Temple, the primary surgeon. And
I'll only talk about who got the device, where they got it, who gave it to him. I want
to see the device. I want to see the right and left knee device. I want to see the
literature. And it won't take me any time at all to get through that.


(Emphasis added.) 

 The trial court had a chance to examine a situation involving two divergent theories of
potential liability, involving completely different sets of potential defendants. The first possibility
involved a health care liability suit against doctors or possibly other health care personnel. The
second possibility involved a negligence or products liability cause of action against the knee joint
manufacturer or provider. Taking a pre-suit deposition of Temple is forbidden under the first theory;
taking a pre-suit deposition of Temple under the second theory is not statutorily forbidden. The trial
court's order appears to have been motivated by this dichotomy and was issued in the context of the
concessions made by Christophersen's counsel at the hearing.

 The problem is that the actual order issued by the trial court did not set out either that
dichotomy or any effective subject-matter limitation on Temple's deposition: "[T]he Petitioner can
take the oral depositions of Van Neilson and Dr. Drew Temple . . . with questions only as to the facts
of the occurrence surrounding the operation performed on Petitioner on November 17, 2005." While
we believe, from the context out of which the order sprung, the trial court intended to limit the
subject matter to exclude the health care questions prohibited by Section 74.351, and allow questions
as to the source and handling of the device implanted in Christophersen's knee, we cannot rewrite
the order. Regardless of our belief of the intent behind the order, the order by its terms is overly
broad and allows Christophersen to question Temple in areas prohibited by Section 74.351.

 For that reason, we conditionally grant Temple's petition for writ of mandamus. We will
issue a writ of mandamus only if we are not notified by November 13, 2007, that the trial court has
either rescinded its order or modified it to exclude questions prohibited by Section 74.351.


 


 Josh R. Morriss, III

 Chief Justice





CONCURRING OPINION



 I fully agree with the analysis of the majority concerning the overly broad nature of the order
entered by the trial court and believe that Section 74.351 of the Texas Civil Practice and Remedies
Code trumps the right to take depositions under Rule 202 of the Texas Rules of Civil Procedure in
matters involving healthcare liability claims. 

 However, I am also convinced that it would be an exercise in judicial economy for this Court
to grant Temple's mandamus in part (as the order would permit depositions pertaining to healthcare
liability claims under Section 74.351) and deny it in part (as the order would apply to a products
liability case). 

 The conditioned grant of mandamus is not a new thing. In Southern Bag & Burlap Company
v. Boyd, 120 Tex. 418, 38 S.W.2d 565 (1931), the trial court had ordered the production of
documents. The entity which was ordered to produce the documents wanted to appeal, but the trial
court refused to set a supersedeas bond. The Texas Supreme Court directed that the trial court's
order be modified so as (1) to allow the agents to make copies only of such documents that related
to the litigation; (2) to require that the corporation's documents be returned to its possession after the
agents had examined them and taken certain depositions; and (3) to allow the corporation to have
a representative present at all times while the documents were examined.

 Very recently, in In re General Agents Insurance Company of America, Inc., 224 S.W.3d 806 
(Tex. App.--Houston [14th Dist.] 2007, orig. proceeding), the court of appeals granted mandamus
conditionally, ordering that a discovery order be amended to permit the redaction of privileged
information (including information about insurance reserves).

 It is my belief that a more in-depth recitation of the parameters of the permissible scope of
an order allowing the proposed depositions would serve to circumvent potential misunderstanding
of the position of this Court and reduce the likelihood that the parties would disagree.

 Due to looming statutes of limitations, Christophersen's cause of action has a very limited
life span remaining. More detailed explanations of my position could be fleshed out if more time
remained in which to conduct the research necessary to support it. However, since the result would
be very similar to that reached by the majority, I will allow this succinct statement to serve to state
my position so that this matter can be returned to the trial court to be dealt with as expeditiously as
possible.


 

 Bailey C. Moseley

 Justice


Date Submitted: November 8, 2007

Date Decided: November 8, 2007
1. The trial court's order permitted the pre-suit depositions of Temple and Neilson but limited
the duration of the depositions to forty-five minutes. 
2. We note that the record before us indicates the trial court's order permitting Temple's
deposition had been on file for more than three months before Temple sought a writ of mandamus
from this Court and that this petition for writ of mandamus comes shortly before the second
anniversary of Christophersen's surgery. The statute of limitations for filing a personal injury lawsuit
is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon Supp. 2007).