In re Sandra K. CLAPP, M.D., Napoleon M. Burt, M.D., Thomas Yeh, Jr., M.D., Children's Medical Center of Dallas, Beverly Dearman, R.N., Brenda Darling, R.N., Isabel Carrillo, L.V.N., M.R.T., and Kim Phillips, R.N., Relators.

No. 05–07–01109–CV.

Court of Appeals of Texas, Dallas.

Dec. 20, 2007.

---

Joseph A. Turano, Strasburger & Price, LLP, Frisco, James K. Peden III, Strasburger & Price, P.C., Dallas, TX, for Relator.

Edward Walter Sampson, Law Office of Joseph E. Ashmore, Jr., PC, Hutton Wesley Sentell, Dallas, TX, for Respondent.

M. Kenneth Patterson, Patterson and Wagner, L.L.P., San Antonio, Stan Thiebaud, Stinnet, Thiebaud & Remington, Stephen W. Johnson, Johnson Robinson Fifield, P.C., Dallas, TX, for Real Party In Interest.

Before Justices WHITTINGTON, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Relators Sandra K. Clapp, M.D., Napoleon M. Burt, M.D., Thomas Yeh, Jr., M.D., Children's Medical Center of Dallas, Beverly Dearman, R.N., Brenda Darling, R.N., Isabel Carrillo, L.V.N., M.R.T., and Kim Phillips, R.N., filed two petitions[1] for

---

1. Relator Sandra K. Clapp, M.D., filed a petition in cause no. 05–07–01109–CV. Relators Napoleon M. Burt, M.D., Thomas Yeh, Jr., M.D., Children's Medical Center of Dallas, Beverly Dearman, R.N., Brenda Darling, R.N., Isabel Carrillo, L.V.N., M.R.T., and Kim Phillips, R.N., filed their own petition six days later in cause no. 05–07–01118–CV. Be-

a writ of mandamus, seeking relief from the same order requiring relators to appear for pre-suit oral depositions under Texas Rule of Civil Procedure 202 (Rule 202). Relators contend that the trial court abused its discretion by ordering pre-suit oral depositions of physicians and health care providers in connection with a potential health care liability claim. We agree. We conclude that the trial court's order granting the oral depositions of relators in this case is an abuse of discretion for which relators have no adequate remedy by appeal. We conditionally grant the petitions for a writ of mandamus.

## BACKGROUND

Seven-year-old Porter Schorr had a history of congenital heart disease. On February 16, 2006, pediatric cardiologist Clapp performed a cardiac catheterization procedure on Porter at Children's Medical Center of Dallas. After that procedure, Porter experienced cardiac arrest. He was resuscitated and remained on life support for several days. He was later diagnosed with severe hypoxic brain injury, which eliminated the possibility of a heart transplant. His parents decided to remove life support and Porter passed away on February 24, 2006.

In May 2007, Porter's father, Geoffrey Schorr, filed a petition pursuant to Rule 202 to investigate a potential claim or suit. In that petition, Schorr seeks to depose three doctors (Clapp, Burt, and Yeh) and four nurses at Children's Medical Center of Dallas (Dearman, Darling, Carrillo, and Phillips) in order to "elicit testimony ... as to the events regarding their treatment of Porter Schorr." Schorr also asks to depose the custodian of records in charge

of angiogram recordings at Children's Medical Center of Dallas, "to obtain videographic and electronic medical records" concerning Porter's treatment, and "to review the entire original, unaltered medical chart of Porter Schorr." Finally, Schorr asks for

a copy of the Hospital and/or Physicians and/or Nursing Policies and Procedures and/or standing orders that were in effect on or about February 16, 2006 up to and including the present date pertaining to the treatment of sudden cardiac failure and/or the institution of cardiac life support in the catheterization laboratory, including all equipment available in the catheterization laboratory where Porter Schorr underwent his balloon aortic valvotomy procedure to facilitate cardiac life support, that are in the possession of respondents and/or the possession of Children's Medical Center Dallas.

Schorr's petition states that he "needs to depose these witnesses and obtain the requested information in order to determine whether to file suit" and that the requested information is the only way to determine whether wrongful medical conduct occurred. In his supporting brief, Schorr lists the information and records he obtained before filing the petition and states that the information and records are "neither adequate nor sufficient for [Schorr] to determine who may have been negligent much less to be able to file a 'health care liability claim'" (under the Texas Medical Liability Act (TMLA), chapter 74 of the Texas Civil Practice and Remedies Code). Schorr also lists examples of the specific information he seeks to obtain.[2]

cause all relators seek mandamus relief from the same order and make similar arguments, this Court consolidated the proceedings into cause no. 05–07–01109–CV.

2. Schorr's list comprises these questions:

1. Where are the videographic records and/or angiogram recordings, in any for-

In June 2007, the trial court granted Schorr's petition, ordered two-hour depositions of relators, and ordered that relators produce eleven different categories of documents (to the extent they were in relators' possession). Clapp filed a motion for reconsideration,[3] in which she argues the discovery is prohibited under section 74.351(s) of the Texas Civil Practice and Remedies Code, and the order exceeds the scope of permissible discovery under Rule 202 because that rule only allows for oral or written depositions, not the production of documents. In August 2007, the trial court issued a revised order eliminating the document-production requirement and ordering relators' oral depositions for a maximum of two hours each, limited "to only fact-based discovery related to the incident in question (what happened, what procedures were followed, what the hospital, nursing, and doctor procedures are regarding the procedure, etc.)." This original proceeding followed.

## STANDARD OF REVIEW

 Mandamus relief is available when the trial court abuses its discretion or violates a legal duty and there is no adequate remedy at law, such as by appeal. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex.2004) (orig.proceeding) (per curiam) (citing *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding)). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig.proceeding) (per curiam). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d at 301.

## DECISIONS OF OTHER COURTS ON THIS ISSUE

Several intermediate appellate courts in this state have addressed the issue of whether chapter 74 precludes pre-suit oral depositions of physicians and health care providers under Rule 202. Some courts have concluded that a party is entitled to take pre-suit oral depositions of physicians and health care providers to investigate potential health care liability claims. *See In re Allan*, 191 S.W.3d 483, 488 (Tex. App.-Tyler 2006, orig. proceeding [mand. pending][4]) (pre-suit oral depositions of

mat, of Porter Schorr's catheterization procedure and balloon aortic valvotomy?

2. Who has a copy of the videographic records and/or angiogram recordings, in any format, of Porter Schorr's catheterization procedure and balloon aortic valvotomy?

3. Where is the evidence documenting Dr. Sandra Clapp's intraoperative measurements to determine the appropriate balloon size for the balloon aortic valvotomy?

4. Where are the intraoperative tracing strips, in any format, of Porter Schorr's catheterization procedure and balloon aortic valvotomy?

5. Where are the intraoperative pressure recordings, in any format, of Porter Schorr's catheterization procedure and balloon aortic valvotomy?

6. What happened during Porter Schorr's catheterization procedure and balloon aortic valvotomy that caused him to go into cardiac arrest?

7. What guidelines, protocols, procedures and standards were in place to address sudden cardiac arrest in the catheterization lab at Children's Medical Center Dallas?

8. What advanced cardiac life support equipment was readily available in the catheterization lab at Children's Medical Center Dallas to address sudden cardiac arrest?

3. Relators state in their briefing that the trial court heard "multiple motions to reconsider." Only Clapp's motion is in our record.

4. The real parties in interest in *Allan* subsequently petitioned the Texas Supreme Court for writ of mandamus to overturn the Tyler

physicians and health care providers under Rule 202 not prohibited by chapter 74 because that chapter only applies after suit is filed); *In re Kiberu,* 237 S.W.3d 445, 449–50 (Tex.App.-Fort Worth 2007, orig. proceeding [mand. pending]) (same). Conversely, other courts have concluded that a party is not entitled to take pre-suit oral depositions of physicians and health care providers to investigate potential health care liability claims. *See In re Raja,* 216 S.W.3d 404, 409 (Tex.App.-Eastland 2006, orig. proceeding [mand. pending]) (pre-suit oral deposition of physician not allowed under Rule 202 because anticipated claim is health care liability claim in which pre-report oral depositions of physicians and health care providers would be precluded under chapter 74); *In re Mem'l Hermann Hosp. Sys.,* 209 S.W.3d 835, 839 (Tex.App.-Houston [14th Dist.] 2006, orig. proceeding) (same); *see also In re Temple,* 239 S.W.3d 885, 889-90 (Tex.App.-Texarkana Nov.8, 2007, orig. proceeding) (chapter 74 precludes pre-suit oral deposition of physician concerning standard of care during knee replacement surgery, but does not preclude oral deposition of physician concerning "a negligence or products liability cause of action against the knee joint manufacturer").

Schorr argues that his Rule 202 request does not conflict with the discovery restrictions in chapter 74 because those restrictions only apply after a lawsuit is filed, relying on the Tyler Court of Appeals's opinion in *In re Allan.* Relators argue that Schorr's Rule 202 request is ancillary to the anticipated lawsuit—a health care liability claim under the TMLA—and his request for oral depositions is governed, and prohibited, by the TMLA, relying on the Houston (Fourteenth District) Court of

Appeals's opinion in *In re Memorial Hermann Hospital System.* We agree with relators.

## SCOPE OF RULE 202 DISCOVERY

■ Rule 202 generally permits a party to petition a court for an order authorizing the taking of a deposition to perpetuate or obtain testimony for use in an anticipated suit or to investigate a potential claim or suit. Tex.R. Civ. P. 202.1. A Rule 202 proceeding to conduct pre-suit discovery from a party against whom a claim is contemplated is ancillary to the contemplated claim; it is "in aid of" and incident to the anticipated claim. *See Mem'l Hermann Hosp. Sys.,* 209 S.W.3d at 839 (citing *Office Employees Int'l Union Local 277 v. Sw. Drug Corp.,* 391 S.W.2d 404, 406 (Tex.1965) and *IFS Sec. Group, Inc. v. Am. Equity Ins. Co.,* 175 S.W.3d 560, 562 (Tex.App.-Dallas 2005, no pet.)).

## ANALYSIS

■ It is undisputed that Schorr's Rule 202 request is in aid of a contemplated health care liability claim under the TMLA. Consequently, we must also consider the TMLA, which governs the contemplated claim, in determining Schorr's ability to obtain the requested discovery. *Mem'l Hermann Hosp. Sys.,* 209 S.W.3d at 839. Our primary objective in interpreting a statute, in this case the TMLA, is to ascertain and give effect to the legislature's intent. *Sultan v. Mathew,* 178 S.W.3d 747, 749 (Tex.2005). The legislature's intent is determined, when possible, by reading the language used in the particular statute and construing the statute in its entirety. *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001). We may

court's decision. That proceeding, styled *In re Jorden,* No. 06–0369, was argued before the

supreme court on September 26, 2007.

also consider other factors, including the objective sought to be obtained, legislative history, and consequences of a particular construction. *Id.* (citing TEX. GOV'T CODE ANN. § 311.023 and *Ken Petroleum Corp. v. Questor Drilling Corp.,* 24 S.W.3d 344, 350 (Tex.2000)).

■ The legislature clearly stated its intent in enacting chapter 74.[5] Additionally, the legislature expressly limited discovery in claims governed by chapter 74 by staying discovery until an expert report[6] is filed, except as follows:

acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:

(1) written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;

(2) depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and

(3) discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(s) (Vernon Supp.2007). And chapter 74 controls when there is a conflict with "another law, including a rule of procedure or evidence or court rule." *Id.* § 74.002(a). As a result, we conclude that pre-suit (i.e., pre-report) discovery of physicians and health care providers pursuant to Rule 202 is permitted only to the extent that pre-report discovery is permitted in a claim governed by chapter 74. *Mem'l Hermann Hosp. Sys.,* 209 S.W.3d at 840.

Because pre-report oral depositions of physicians and health care providers are not allowed under section 74.351,[7] the pre-

5. In 2003, the Texas Legislature found there was "a medical malpractice insurance crisis in Texas" and that "this crisis has had a material adverse effect on the delivery of medical and health care in Texas, including significant reductions of availability of medical and health care services to the people of Texas and a likelihood of further reductions in the future." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.001 historical and statutory notes 5 and 6 (Vernon 2005). To address this crisis, the legislature enacted the TMLA, codified as chapter 74 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 74.001–74.507; *see also In re Raja,* 216 S.W.3d at 407 (stating section 74.351 is legislature's "principle tool" to reduce frequency and costs of health care liability claims).

6. Under chapter 74, a party who files a health care liability claim must file an expert report or reports addressing liability and causation as to each defendant within 120 days after the original petition is filed. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 74.001(a)(13) (defining "health care liability claim"), 74.351 (Vernon Supp.2007) (describing expert report requirement).

7. In *In re Allan,* the Tyler Court of Appeals traced and relied on the legislative history of

section 74.351(s) and concluded that the statute's stay of discovery did not preclude a Rule 202 deposition of a potential medical malpractice defendant. *In re Allan,* 191 S.W.3d at 488–89. The court explained that although the original draft of that section specifically precluded a Rule 202 deposition of a physician or health care provider for the purpose of investigating a health care liability claim, subsequent versions altered this provision and the final version "did not limit, restrict, or prohibit Rule 202 depositions to investigate potential claims involving health care providers." *Id.* at 487–88. The *Allan* court concluded that this history indicated a legislative intent to allow Rule 202 depositions of health care providers to investigate a potential claim. · We respectfully disagree with that conclusion, for the same reason that the Eastland Court of Appeals disagreed:

We recognize that House Bill 4's language was altered during the 2003 legislative session in both the House and Senate and that language that specifically addressed the applicability of Rule 202 was ultimately replaced with a provision that is silent on Rule 202's applicability.... House Bill 4's legislative history is a relevant factor, but the specific changes identified by the Tyler

suit oral depositions that Schorr requested are not permitted under Rule 202. "To conclude otherwise would allow a Rule 202 petitioner to avoid the carefully crafted report requirements and discovery stay set out in section 74.351, subverting the legislature's stated intent in passing the statute." *Mem'l Hermann Hosp. Sys.*, 209 S.W.3d at 839.

### CONCLUSION

We conclude that the trial court's order is an abuse of discretion because it permits discovery to be conducted contrary to the prohibitions stated in chapter 74. Consequently, we conditionally grant the petitions for a writ of mandamus and order the trial court to vacate its August 10, 2007 order. The writ will issue only if the trial court fails to act in accordance with this opinion.

Court occurred at various times during the session and were promulgated by various legislators or committees. Speculation as to why they altered the bill's language cannot override consideration of the express language that the entire legislature did ultimately adopt. While consideration of legislative history is appropriate, we believe the issue can and, therefore, should be resolved using the statute's language and the legislature's stated findings and purpose.
*In re Raja,* 216 S.W.3d at 407 (internal citation omitted).