VIVIAN LONG, Clerk
Seventh District of Texas
Potter County Court Building
501 S. Fillmore, Suite 2-A
Amarillo, Texas 79101-2449

FILED
APR 06 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK



March 27, 2015

Plaintiff
Marcus E. Harper
TDCJ-ID #692332
Clement Unit
9601 Spur 591
Amarillo, TX 79107

Defendand
Harold J. Liller
Office of Attorney General
P.O. Box 12548
Capital Station
Austin, TX 78711

RE Case Number: 07-14-00391-CV
Trial Court Case No. 97,305-C

Plaintiff has served a copy to the Trial Court, and defendants See this Motion interlocutory Appeal Date 3-27,2015 P.G. S. Could you Bring it to the Honorable Judge Attention of said Court.

Thank you

Marcus Harper

| | |
|---|---|
| MARCUS EVERETTE HARPER<br>Plaintiff | § COURT OF APPEALS |
| V. | § SEVENTH DISTRICT OF |
| TEXAS DEPARTMENT OF<br>CRIMINAL JUSTICE | § POTTER COUNTY, TEXAS |

## MOTION FOR INTERLOCUTORY

### TEX.CIV.PRAC.& REM.CODE ANN.§ 51.014

To the Honorable Judge of this Court:

Comes now Marcus E Harper Hereafter preferred to as Plaintiff hereby move to proceed Under **CPRC § 51.014 (b),(f)**

### STATEMENT OF FACTS

On April 25,2008 around about 1:30 AM The plaintiff (while in-carcerated on the clements unit T.D.C.J.&I.D.) was injured by a plastic trash can (with a defective wheel was filled with boiling water cullapsed Dumping its entire (45) gallon-450 LBS) contents onto plaintiff scalding him. Plaintiff was severly burned with second and third degree burns blistering and scuffing the skin and muscle most predominantly on the lift leg and foot.

Plaintiff was superficially treated at the scene by prison medi-cal staff yet he had to be transportyed by amdulance to the North-west Hospital in Amarillo,Tx...Where the Doctor detrmined,that his pain and durn injuries were so servere that he had to be transported to the Medical Burn Center in Lubbuck. Doctor M.D. Sharmila looked at my Burns gave me medical care then sent me back that morning to the Clements Unit infirmary with a standard of medical care that the defendant was suppose to follow the inadequate medical care the defendants failed to comply with medical care plan and my leg be-came infected I was in so much pain I could not sleep for three days begged them to please help me, so Iwas sent back to the Burn Center and I seen doctor M.D. Sharmila she asked why I haven't came back for follow up. I said," the doctor Revell told me that I didn't need to go back for a follow-up because he is in charge. Then off-icer gave the doctor M.D Sharmila the records for Bill Clements as to the treatment they did on me and M.D Sharmila said,"I see why he didn't send you back because he didn't follow instruction.

I

## STANDARD FOR REVIEW

**See** O'Connor's 2012 Texas Rules Civil Trials Ch 3 pg.242

§ 7. Plea to the juridiction., §7.1 Interlocutory Appeal.

[1] For an action commenced defore September 1.2011 a trial court can allow an inter locutory appeal from an order that is not otherwise appealable only if the parties agee to the order granting on an interlocutory appeal and the following conditions are met:(1) the order to be appealed involves a controlling question of law about which there is a sudstantial ground for difference of opinion and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. See H.B. 274 §§ 3.01, 6.01,6.02 82nd leg.,R.S.,eff.SEPt.1,2011 see O'Connor's Texas Appeals, interlocutory Appeals," Ch3 p.142

[2] For an action commenced on or after September 1,2011 trial court,on its own initiative or on a party's motion can allow and appeal from an order that is not otherwise appealable if the following conditions are met: (1) the order to be appealed involves a controlling question of law about which there is a substantial ground for difference of opinion and (2) an immediate appeal from the ordeer may materially advance the ultimate termination of the litigation **CPRC § 51.014 (d); TRCP 168;H.B.** 274,§§ 3.01,6.01, 6.02 82nd LEG., R.S.,eff Sept 1,2011 permission must be stated in the order being appealed rather than in a separate order.**TRCP 168 Cmt** Although the trial court can grant permission to appeal,the court of appeals has discretion to accept or refuse to hear the appeal see **CPRC §51.014 (f).**

The appeal order was expressly authorized by trial court see (Vol 1 P.13,18-21).

## II

**See** O'Connor's TRCT 2012 ch.6, p.409 Discvery Rule for Court 1.1 RULES **TRCP** 176,190-205,215.

1.2. Purpose of discovery is to allow the parties to obtain full knowledge of the issues and facts of the law suit before trial **West v.Solito** 563 S.W.2d 240,243 (tex 1978) the objective of the Texas discovery rule is to prevent trial ambush **Gutierrez v.Dallas** 729 S.W.2d 691,692 (Tex 1987).

2.2 Documents & tangible things the phrase includes papers, book, accounts drowing graphs, charts, Photographs electronic or videotape recordings, data,and comp ilations **TRCP 192.3 (b)**

A party is required to produce only thoes documents or tangible things in its possession,costody or controle **TRCP 192.3 (b)** Id 856 s.w. 2d at 728-29;See also **In re U-Haul Int'l 87 s.w.3d 656-57** (Tex App-San Antonio 2002 orig proceeding)

Under **TRCP 191** Parties and their attornys are expected to cooperate in discovery and to make any agreement that are reasonable n necessary to efficently bispose of the case **TRCP 191.2**

A Party has 30 days after the date of service of the reguest for document to respond, depending on the type of service **TRCP 196.2 (a)** see **Schein v.American Rest.Grp.**,852 s.w.2d 496,497 D.2(Tex 1993) Howrver, a defendant that is served with a request before the defendant's answer is due has 50 days to respond,**TRCP 196.2 (a)**

Failure to comply with procedures, If a party does not comply with the procedores for resisting discovery the party waive its objections to discovery and its claims of privilege and the trial court should compel production **TRCP 193.2 (e)**; eg **HOBSON v Moore** 734 s.w.2d 340,341 (Tex.1987) D waived law enforcement privilege b because he filed late objections to interrogatories **Villoreal v. Domingvez** 745 s.w.2d 570,572 (Tex. App.Corpus Christi 1988)

Sanction If a party obusees discovery,the court may find that the party waived its discovery privileges and objections.**Occidental Chem. Corp V. Banales** 907 sw. 2d 488,490 (Tex.1995): eg,**In re Lovernia Nursing Facility. inc.** 12 s.w.3d 566,571 (Tex.App.San Antonio 1999 orig proceeding)(Court found that defendants concealed records)

Section 74.351 doe not stay other,less costy form of discovery additionally,once a claim is filed under Chapter 74 requires Health Care Defendant's to comply with the discovery procedures set out in the legislation Tex.Civ.Proc.& Rem.Code.ANN 74.352 See **In re Memorial Herman Hosp.system** 209 S.W.3d 835,841 (App.14 Dist 2006)

## III

The defendant stated, "that I had to hire my own expert witness that I Could not use the doctor Physicain who provided treatment at Bun Center who was licensed to practice medicint at the time plaintiff claim was arose.

**TRCP 192.3 (c)** An expert is "a person with knowledge of relevent facts" only if that knowledge was obtained first-hand,or if it was not obstaned in preparation for trial or in anticipation of litigation.

**O'Connor's TRCT** ch.6. P.483 §3.1,2 Discovery about nonretained expert. there are four discovery procedures that can be used to se-

3

cure information about or from a nonretained testifying expert:

    (1) a request for disclosure

    (2) an oral deposition

    (3) a deposition on written question, and

    (4) a subpoena TRCP 176, 194.2 (f) (1)-(3), 205.1.

       Plaintiff did not see the discovery on the Appeal Cover Steet. So plaintiff only con direct the Appeal cout to the spot where the discovery should be see A.C.S. 117-119. pg.278-281. Plaintiff states there's evidence in the discover that showes this cause of action has merits for instance:

1) the standard of care by the Burn Medical Center, see (Harper pg. 352- 354),

2) the defendant failed to follow the standard of care, see (Harper 223-227, and 284-308), also

3) the M.D doctor Sharmila stated , "that the defendants failed to follow orders that's why plaintiff is back to the Burn Medical Center, See (Harper pg. 070)

       All this could have been proven at a proper, discovery and deposition hearing. For one reason plaintiff could have asked M.D. Sharmila, why did she state the defendants failed to follow orders is the reason plaintiff is back for an infection."

**Defendants deadline**

**Respond to Discovery**

      Served by U.S Mail                     5 days+ 30day= 35 days

1 Appeals cover sheet

12. original comlaint, 2-11-09 pg.15 at. pg.6 discovery,

13. discover 2-11-09, pg.52

15. discovery letter 3-29-09 pg.56

24. discovery mtion to compel 11-06-09 pg.68

28. Motion requesting to develop discovery plan 3-3-10 pg.73

30. compel discovery 10-11-10 pg.76

33.-34. compel discovery 11-8-10 pg.78

40. motion for discovery conferance 3-10-11 pg.91

41.mtion for pre-trial conference 1-4-11 pg.92

44. requestin meeting to discuss the nature and basis of the claim 3-15-11 pg.95

       Plaintiff received no answer from defenats

Tx.C.P.R 74.351 after filing an compaint plaintiff has 120 days to

4

serve expert report.

Under **TX.C.P.R.** 74.352 defendants have 45 days to comply with discovery (b)(d).

Or the defendant above the rule of discovery **TCPR** 74.352 (b)(d) where they dont have to comply and with hold evidence until time runs out for plaintiff to serve expert report. But plaintiff have to try to comply with the expert report with no discovery.

This is just like a chess game plaintiff made the first move by requesting discovery on time., But the defendants failed to make their move by complying with discovery request. So plaintiff could comply with the serving of expert report.

## CONCLUSION

1. The trial court gave an order that plaintiff could appeal her decision.
2. Does this cause of action involves a controlling question of law?
3. Will this appeal order immediate advance the ultimate termination of litigation.
4. The discovery and deposition of medical record was needed to access in formation necessary for the preparation of the expert report.

## PRAYER

For all the above reasons stated in I,II,and III Plaintiff Prays that the Honorable Appeal Court reverse this judgement

## CERTIFICATE OF SERVICE

Plaintiff, dohereby certify that a true and correct copy of this document was serve upon the trial court clerk Caroline Woodburn,P.O box 9570, Amarill,Tx 79101- 9570. Also the defendants through the Attorme General at P.O.Box 12578 Capitol Station Austin,Tx 8711 by placement in the U.S. mail Postage at TDCJ clements Unit on 27 day ofMarch 2015

I, Marcus Everette Harper #692332,being presently incarcerated in the williams Clements Unit does herby declare that all of the foregoing is true and correct to the best of knowledge and recollection Under penalty of perjur (28 U.S.C.§1749). *Marcus Harper*

on 27 day of March 2015   Marcus E.Harper 692332

sworn executed.   Bill Clements Unit
9601 Spur 591
Amarillo, TX79107

5



Marcus Harper #02232 18T81
Bill Clements Unit
9601 Spur 591
Amarillo TX 79107

Vivian Long, Clerk
Seventh District of Tx.
Potter County Court Building
501 S. Fillmore Suite 2-A
Amarillo, TX 79101-2444