**In re Barry R. MILLER.**

**No. 09–04–071 CV.**

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 23, 2004.

Decided April 8, 2004.

R. Brent Cooper, Diana L. Faust, John Wesley Raley, Lanette Lutich Matthews, Cooper & Scully, P.C., Dallas, for appellant.

Ethan L. Shaw, Moore Landrey, LLP, Beaumont, for appellee.

Before McKEITHEN, C.J., BURGESS and DAVID B. GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

In this mandamus proceeding, the issue is whether the stay of discovery provision of the recently enacted Texas Medical Liability Act[1] bars a plaintiff from taking the oral deposition of a defendant physician prior to the required expert report. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(s), (u) (Vernon Supp.2004). Sandra Edgerton filed a medical malpractice suit against Dr. Barry R. Miller. Edger-

---

1. All references herein to the Texas Medical Liability Act are to TEX. CIV. PRAC. & REM.CODE ANN. §§ 74.001–74.507 (Vernon Supp.2004).

ton sought the oral deposition of Miller, and Miller filed a motion to quash. Edgerton filed a motion to compel. The trial court signed an order compelling the oral deposition. Miller filed this petition for writ of mandamus.

The Act provides that the claimant must serve on each party or the party's attorney one or more expert reports. *See* § 74.351(a). The expert report must contain a fair summary of the expert's opinions "regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *See* § 74.351(r)(6). Upon the filing of a motion challenging the adequacy of the report, the trial court is to determine whether the report represents an "objective good faith effort to comply with" the requirements of subsection (r)(6). *See* § 74.351(*l*).

Section 74.351 also contains the following specific provisions regarding discovery:

(s) Until a claimant has served the expert report and curriculum vitae as required by Subsection (a) [of section 74.351], *all discovery* in a health care liability claim *is stayed except* for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care *through:*

(1) *written* discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;

(2) *depositions on written questions* under Rule 200, Texas Rules of Civil Procedure; and

(3) discovery from *nonparties* under Rule 205, Texas Rules of Civil Procedure.

. . . .

(u) *Notwithstanding* any other provision of this section, after a claim is filed all claimants, collectively, may take *not more than two depositions* before the expert report is served as required by Subsection (a).

Section 74.351(s), (u) (emphasis added). The only pre-report depositions of the *parties* excepted from the statutory stay by subsection (s) are depositions on written questions under Rule 200. Oral depositions of parties pursuant to Rule 199 are not excepted from the stay of discovery. With certain limited exceptions, the Act's provisions control here to the extent of a conflict with a rule of procedure. *See* § 74.002(a),(b),(c) (Vernon Supp.2004).

Miller contends the subsection (u) restriction to two depositions is a narrowing, not an expansion, of the discovery allowed in subsection (s). Because oral depositions of the parties are not within the discovery allowed by subsection (s), Miller says they are not authorized by subsection (u).

 Mandamus is appropriate only if the trial court abused its discretion and there is no adequate appellate remedy. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). Miller argues that the trial court abused its discretion in compelling his oral deposition prior to Edgerton's service of the expert report. He points to the Legislature's findings set forth in House Bill 4, the legislation that enacted Chapter 74. The findings state there is a medical professional liability insurance crisis in Texas which has had a material adverse effect on the delivery of medical and health care in Texas. *See* Act of June 2, 2003, 78th Leg. R.S., ch. 204, § 10.11, 2003 Tex. Gen. Laws 847, 884–85. The findings also state the Legislature's purpose in enacting Chapter 74 as being, among others, the

modification and improvement of the system by which health care liability claims are determined. *Id.* Miller argues the Act's limitations on discovery prior to service of the report serve the Legislature's purpose in addressing the increase in costs that has occurred in part because of physicians' having to defend unmeritorious or prematurely filed claims. He says the order compelling his oral deposition violates the Act, and an appeal is an inadequate remedy because his compelled oral deposition will have been taken by the time a final judgment is signed and the appeal remedy becomes available.

Edgerton responds that disallowance of an oral deposition of a defendant physician prior to the service of the expert report puts the plaintiff in the position of having to "make bricks without straw."[2] She says an oral deposition of the doctor is needed to access information necessary for the preparation of the report. She cites testimony from witnesses before the Legislature concerning the need for pre-report discovery and concerning the number of depositions which may be necessary. And, like Miller, she points to the Legislature's findings upon its enactment of the Texas Medical Liability Act. She acknowledges those findings evidence the Legislature's intent to address concerns in the context of a stated medical malpractice crisis. But she points to another legislative finding that says the modification of the system for determining health care liability claims should be accomplished in a manner that "will not unduly restrict a claimant's rights any more than necessary to deal with the crisis."

Edgerton acknowledges that subsection (u) limits to two the number of depositions allowed claimants prior to service of the expert report. But she contends that by omitting the word "nonparty" from subsection (u), the Legislature intended (u) to allow two oral depositions of parties or nonparties, "notwithstanding" the provisions of subsection (s).

■ In construing the Act, a reviewing court's primary objective is to determine and give effect to the Legislature's intent. *See McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003). A court makes no assessment of the advisability of a statute, but a court may consider, among other things, the legislative objective of the law. *See* Tex. Gov't Code Ann. § 311.023(1),(3),(5) (Vernon 1998). A court's review begins with the plain and common meaning of the words. *McIntyre,* 109 S.W.3d at 745; Tex. Gov't Code Ann. § 311.011 (Vernon 1998). Under the Code Construction Act, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." *Id.* A court is to consider the statute as a whole, rather than simply analyze provisions in isolation. *See Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001).

As Edgerton notes, the common meaning of the word "notwithstanding" is "in spite of." Here, the word suggests opposing considerations may be found in the other provisions of the section. But the clause in subsection (u)—"notwithstanding any other provision of this section"—cannot mean we are to ignore entirely the discovery provisions set forth in subsection (s). The numerical limitation expressed by (u) would be given no effect if unlimited depositions were permitted by (s) and two additional depositions were permitted by

**2.** Edgerton says in a footnote: "In the Old Testament book of Exodus, the story of Moses relates the Pharaoh of Egypt punished the Israelite slaves by making them fulfill their quota of bricks without giving them straw, a binding agent." *See Exodus* 5.

(u). Subsection (u) restricts the number of pre-report depositions to two, notwithstanding the lack of a numerical limitation in subsection (s). The parties agree on that point. The parties disagree on whether subsection (u) further modifies subsection (s).

Miller says subsection (u) is solely a numerical restriction on the depositions permitted by (s). Edgerton says subsection (u) has the effect of both restricting and expanding subsection (s): restricting the number of depositions, but expanding the type of depositions to include oral depositions of parties as well as oral depositions of nonparties. But the result of Edgerton's interpretation of subsection (u) would be to modify subsection (s) in a structural way. The phrase "oral depositions" would need to be added to subsection (s)(2), with a citation to Rule 199, to make subsection (s) consistent with Edgerton's interpretation of subsection (u). Otherwise, we would have to accept an inconsistency, under Edgerton's interpretation, between subsection (s) and subsection (u), a modification she says the Legislature acknowledged by using the phrase "notwithstanding any other provision of this section." But those words can be given their common meaning without creating an inconsistency between the types of discovery authorized by subsection (s) and subsection (u).

The phrase "notwithstanding any other provision of this section" in subsection (u) references the reporting requirements imposed by the section and the discovery authorized by subsection (s). Nevertheless, subsection (u) limits the number of depositions allowed by subsection (s) to two; subsection (u) places this numerical limitation on the type of depositions permitted by subsection (s). The limitation is imposed in spite of the expert report requirements, and notwithstanding the lack of a numerical limitation on depositions in subsection (s). We conclude any oral depositions stayed under subsection (s) are not authorized by subsection (u).

■ We hold that because oral depositions of the parties in a health care liability claim governed by the Act are stayed by subsection (s) "[u]ntil a claimant has served the expert report and curriculum vitae as required by Subsection (a)," the trial court erred in compelling Miller's oral deposition before the service of the expert report. When a trial court errs in compelling an oral deposition in violation of a statutory stay provision, mandamus is appropriate; a party does not have an adequate remedy by appeal. *See generally In re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003)(no adequate remedy by appeal when appellate court would not be able to cure the trial court's discovery error); *In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex.2003)(overbroad discovery). On appeal the court could not cure the trial court's error in compelling an oral deposition barred by law; the oral deposition already would have been taken.

We conditionally grant the petition for writ of mandamus and order the trial court to vacate its order compelling Miller's pre-report oral deposition. We are confident the trial court will comply with this opinion. Mandamus will issue only if the trial court does not.

WRIT CONDITIONALLY GRANTED.