Opinion filed July 27, 2006














Opinion filed July 27, 2006

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                    __________

 

                                                          No. 11-06-00137-CV 

                                                     __________

 

                                           IN RE
PILL RAJA, M.D.

                                                              

 



 

 

                                                   Original
Mandamus Proceeding

 

 



 

                                                                   O P I N I O N

 

This is an original mandamus proceeding seeking to
set aside the trial court=s
order allowing Ulanda McGruder, individually and as next friend of Lacasha
Lucas, a minor, to take the oral deposition of Pill Raja, M.D in Trial Court
Cause No. A-12,654 pending in the 70th District Court.  We conditionally grant the petition for writ
of mandamus.  

Background Facts

McGruder filed a request to take the deposition of
Dr. Raja under Tex. R. Civ. P.
202 to investigate a potential health care liability claim.  Dr. Raja filed a motion to quash the
deposition.  The trial court held a
hearing on McGruder=s
request.  McGruder argued that Rule 202
allowed her to take Dr. Raja=s
deposition to determine what kind of medical care she received during her
pregnancy, labor, and delivery and to determine if she should file suit.  The trial court granted McGruder=s request allowing her to take the
deposition of Dr. Raja within sixty days of the signing of the order.  Dr. Raja filed this petition for writ of
mandamus. 








Standard of Review 

Mandamus is appropriate only if the trial court
abused its discretion and there is no adequate appellate remedy.  Walker v.
Packer, 827 S.W.2d 833, 839 (Tex.
1992). A trial court abuses its discretion when it acts without reference to
any guiding rules or principles or when it acts in an arbitrary or unreasonable
manner.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). An error in compelling a
deposition cannot be cured on appeal; therefore, if the deposition was
improperly ordered, mandamus relief is proper. 
In re El Paso
Healthcare Sys., 969 S.W.2d 68 (Tex. App.CEl
Paso 1998, orig. proceeding). 

Discussion

            When
interpreting a statute, we must determine and give effect to the legislative
intent. City of San Antonio v. City of Boerne, 111 S.W.3d 22 (Tex. 2003). 
We must construe statutes as written and, if possible, ascertain
legislative intent from the statute=s
language.  Helena Chem. Co. v. Wilkins,
47 S.W.3d 486, 493 (Tex. 2001); Morrison v.
Chan, 699 S.W.2d 205, 208 (Tex.
1985). 

Tex. Civ. Prac. & Rem. Code Ann. ch.
74 (Vernon 2005 & Supp. 2005) contains 
the rules and procedures for medical liability claims. When the
legislature adopted Chapter 74, it made several factual findings.[1]  These included findings that the number of
health care liability claims had increased inordinately since 1995, that a
medical malpractice crisis existed in Texas, and that this crisis had caused a
material adverse effect on the delivery of medical and health care in
Texas.  The legislature indicated that
the purpose of Chapter 74 included reducing the excessive frequency,  severity, and costs of health care liability
claims.

The
principle tool utilized by the legislature to reduce the frequency and cost of
health care liability claims is Section 74.351, which imposes an expert report
requirement on medical malpractice claimants. 
That statute requires claimants to serve a report within 120 days of
filing a claim.  The statute further
provides:








(s)
Until a claimant has served the expert report and curriculum vitae as required
by Subsection (a), all discovery in a health care liability claim is stayed
except for the acquisition by the claimant of information, including medical or
hospital records or other documents or tangible things, related to the patient=s health care through:

 

(1)
written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;

 

(2)
depositions on written questions under Rule 200, Texas Rules of Civil
Procedure; and

 

(3)
discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

 

This
statute clearly indicates the legislature=s
intent to condition a claimant=s
ability to depose a doctor upon the presentment of a proper expert report and
curriculum vitae.

McGruder
is attempting to at least postpone, if not avoid altogether, Section 74.351 by
filing a request for Raja=s
deposition under Tex. R. Civ. P.
202.  Rule 202 allows a person to
petition the court for an order authorizing the taking of an oral or written
deposition to either perpetuate testimony for use in an anticipated suit or to
investigate a potential claim or suit. 
Rule 202.1 provides:

A
person may petition the court for an order authorizing the taking of a
deposition on oral examination or written questions either:

 

(a)
to perpetuate or obtain the person=s
own testimony or that of any other person for use in an anticipated suit; or

 

(b)
to investigate a potential claim or suit. 

 

The
proceeding is not a separate lawsuit but is incident to and in anticipation of
a suit.  Office Employees Int'l Union
Local 277 v. Sw. Drug Corp., 391 S.W.2d 404, 406 (Tex. 1965). 








McGruder
relies upon the Tyler Court of Appeals=s
decision, In re Allan, 191 S.W.3d 483 (Tex. App.CTyler
2006, orig. proceeding [mand. pending]), to argue that one may take a Rule 202
deposition of a doctor to investigate a potential medical malpractice action
against that doctor.  The Tyler Court
comprehensively reviewed Section 74.351(s)=s
legislative history and held that the statute=s
stay of discovery did not preclude a Rule 202 deposition of a potential
malpractice defendant.  Id. at 488-89.  Section 74.351(s) was included in House Bill
4.  The court tracked House Bill 4=s language from its earliest version
through final passage.  Originally, House
Bill 4 specifically precluded a Rule 202 deposition of a physician or health
care provider for the purpose of investigating a health care liability
claim.  Id. at 487.  Subsequent versions altered this
provision.  House Bill 4=s final version contained no express
limitation, restriction, or prohibition on Rule 202 depositions.  Id.
at 488.  The court concluded that this
history indicated a legislative intent to allow Rule 202 depositions of doctors
or health care providers to investigate a potential claim.  We respectfully disagree with the Tyler Court
=s conclusion.  

We
recognize that House Bill 4=s
language was altered during the 2003 legislative session in both the House and
Senate and that language that specifically addressed the applicability of Rule
202 was ultimately replaced with a provision that is silent on Rule 202=s applicability.  Both parties argue these changes indicate a
legislative preference for their position. 
House Bill 4=s
legislative history is a relevant factor, but the specific changes identified
by the Tyler Court
occurred at various times during the session and were promulgated by various
legislators or committees.  Speculation
as to why they altered the bill=s
language cannot override consideration of the express language that the entire
legislature did ultimately adopt.  While
consideration of legislative history is appropriate,[2]
we believe the issue can and, therefore, should be resolved using the statute=s language and the legislature=s stated findings and purpose.








The
Tyler Court found that a Rule 202 proceeding was not subject to the report
requirement because a potential cause of action was not a health care liability
claim as defined by Section 74.001(13).[3]  We agree that a potential claim is not a
health care liability claim and, therefore, that merely requesting a Rule 202
deposition does not trigger Section 74.351(a)=s
120-day deadline.  But, to then conclude
that no provision of Section 74.351 is applicable to a Rule 202 proceeding
against a potential medical malpractice defendant is contrary to the statute=s language and the legislature=s stated findings and purpose.  

Much
of the legislature=s stated
findings concern the cost and availability of liability insurance.  The legislature did, however, refer to its
desire to reduce the costs of claims. 
Limiting almost all discovery pending production of an expert report
serves that purpose.  In a malpractice
case, depositions of party health care providers are expensive because they
necessarily require considerable expenditures of time and resources to prepare
for and conduct the depositions.  If Rule
202 is allowed to supplant Section 74.351(s), then the legislature=s desire to contain costs by
conditioning the oral deposition of a defendant doctor on the production of an
expert report is ignored.  Cf. Murphy
v. Russell, 167 S.W.3d 835, 838 (Tex.
2005) (holding that plaintiff could not avoid former Tex. Rev. Civ. Stat. art. 4590i (1999) (repealed 2003)
requirement that health care liability claims be scrutinized by an expert
before proceeding by artfully pleading her claim as a battery based upon lack
of consent).

Moreover,
Rule 202 is a procedural provision adopted by the Texas Supreme Court.  Chapter 74 is a substantive enactment that
comprehensively governs medical malpractice actions.  Section 74.002(a) provides:

In
the event of a conflict between this chapter and another law, including a rule
of procedure or evidence or court rule, this chapter controls to the extent of
the conflict.

 

Reading
Rule 202 as an exception to Section 74.351(s), rather than Section 74.351(s) as
a limitation to Rule 202, is counter to this provision. 








Other
courts have recognized the legislature=s
desire to restrict oral depositions prior to providing an expert report.  In In re Huag, 175 S.W.3d 449 (Tex.
App.CHouston
[1st Dist.] 2005, orig. proceeding), and In re Miller, 133 S.W.3d 816
(Tex. App.CBeaumont
2004, orig. proceeding), the courts considered Section 74.351(s), which
prohibited oral party depositions, and Section 74.351(u), which allowed
claimants to take two depositions before serving an expert report, A[n]otwithstanding any other provision
of this section.@  Both courts held that, in light of the
legislature=s
expressed desire to limit discovery prior to providing an expert report,
Section 74.351(u) could not be read to allow the deposition of a party doctor
before providing a report.  The propriety
of a Rule 202 deposition was not in issue in either case; but, in Huag,
the court specifically noted that the only types of discovery which were not
excepted from Section 74.351(s)=s
discovery stay were oral depositions of parties and pre-suit depositions.  175 S.W.3d at 456.

McGruder
complains that, if she is not allowed to take a Rule 202 deposition, her
ability to pursue a cause of action will be lost because the medical records
are insufficient to allow an expert to determine if a standard of care was
breached.  McGruder contends that she
would be put to a Hobson=s
choice:  abandon her investigation and
not file a claim, or file a claim and be forced to rely upon an insufficient
expert report because of the incomplete medical records.

Our
limited record does not include any medical records; and, thus, we cannot pass
judgment on the merits of McGruder=s
allegation.  However, even if the medical
records are incomplete or inadequate, that does not change our analysis.  Section 74.351 requires a report in each
instance when asserting a claim against a doctor.  The statute contains no exception to the
report requirement or discovery stay for inadequate or incomplete medical
records.  See In re Miller, 133
S.W.3d at 818-19 (rejecting argument that requiring a report without allowing
the deposition of the defendant doctor requires a plaintiff to make bricks
without straw).

The
statute does provide that a motion challenging the adequacy of an expert report
shall be granted Aonly if
it appears to the court, after hearing, that the report does not represent an
objective good faith effort to comply with the definition of an expert report
in Subsection (r)(6).@  Section 74.351(l).  This allows trial courts to consider the
quality of the defendant=s
records when determining whether a good faith effort has been made.  But, to allow McGruder to avoid Section
74.351(s)=s
discovery stay by filing a Rule 202 proceeding reads an exception into the act
which was not included by the legislature. 
See Michael S. Hull et al, House Bill 4 and Proposition 12: An
Analysis with Legislative History, 36 Tex. Tech L. Rev. 169, 209-10 (2005)
(Rule 202 depositions are conspicuously absent from the list of pre-expert
report discovery allowed by Section 74.351).

Conclusion








The
language of Section 74.351 precludes McGruder from taking Dr. Raja=s deposition before the filing of an
expert report.  We find that the trial
court abused its discretion in granting McGruder=s
request for a Rule 202 deposition and sustain Dr. Raja=s
issue.  The writ is conditionally
granted.  In the event that the trial
court does not rescind its March 31, 2006 order granting McGruder=s request to take Dr. Raja=s Rule 202 deposition and issue an
order quashing Dr. Raja=s
deposition, then a writ of mandamus shall issue. 

 

 

RICK
STRANGE

JUSTICE

 

July
27, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]See the historical note accompanying Section 74.001.





[2]See, e.g., Tex. Gov=t Code Ann. ' 311.023(3) (Vernon 2005).  When construing
a statute, courts may consider the object to be attained, the circumstances
under which the statute was enacted, legislative history, common law or former
statutory provisions, consequences of a particular construction, administrative
construction of the statute, and any title, preamble or emergency
provision.  Id.





[3]AHealth care liability claim@ is defined as Aa cause
of action against a health care provider or physician for treatment, lack of
treatment, or other claimed departure from accepted standards of medical care,
or health care, or safety or professional or administrative services directly
related to health care, which proximately results in injury to or death of a
claimant, whether the claimant=s claim or cause of action sounds in tort or contract.@