

# NUMBER 13-09-00381-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: KNAPP MEDICAL CENTER HOSPITAL

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Benavides**

By petition for writ of mandamus, relator, Knapp Medical Center Hospital ("Knapp"), seeks to set aside an order compelling the deposition of its corporate representative in a healthcare liability case prior to the service of an expert report regarding Knapp. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon 2008). We conditionally grant the petition for writ of mandamus as stated herein.

I. BACKGROUND

The real parties in interest, Aracely Ramos, individually and as next friend of Juan

Ramos, Ofelia Ramos, and Amanda Ramos, brought suit against Knapp and Dr. Loan Vu, M.D., for healthcare services provided to Juan Ramos. Juan Ramos had a perirectal abscess surgically removed at Knapp; Dr. Vu was the anesthesiologist for the procedure. Juan Ramos suffered cardiac arrest and permanent brain damage as a result of the procedure.

Real parties in interest produced an expert report regarding Dr. Vu's actions, but did not produce a separate expert report for Knapp. Real parties moved to compel the deposition of a corporate representative for Knapp. Knapp moved to quash the deposition, or for protection, arguing, inter alia, that real parties had not served an expert report on Knapp. Real parties in turn moved to compel the deposition of a corporate representative for Knapp on grounds that they could not complete their "final" expert reports without the requested discovery. The trial court granted the motion to compel. This original proceeding ensued. The Court has received and reviewed the response to the petition for writ of mandamus filed by the real parties in interest herein.

## II. Standard of Review

Mandamus is appropriate only if the trial court abused its discretion and there is no adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or when it acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). An error in compelling a deposition cannot be cured on appeal; therefore, if the deposition was improperly ordered, mandamus relief is proper. *See In re Jordan*, 249 S.W.3d 416, 419-20 (Tex. 2008) (orig. proceeding) (holding that appeal was an inadequate remedy to correct an error in compelling a presuit

2

deposition prior to the service of an expert report); *In re El Paso Healthcare Sys.*, 969 S.W.2d 68, 72 (Tex. App.–El Paso 1998, orig. proceeding) ("A writ of mandamus is the proper vehicle to attack an order granting discovery."); *see also In re Lumsden*, No. 14-09-00271-CV, 2009 Tex. App. LEXIS 3721, at *15-16 (Tex. App.–Houston [14th Dist.] May 21, 2009, orig. proceeding) (op.).

## III. DISCUSSION

When interpreting a statute, we determine and give effect to the legislative intent. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). We must construe statutes as written and, if possible, ascertain legislative intent from the statute's language. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001); *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985). When construing a statute, courts may consider the object to be attained, the circumstances under which the statute was enacted, legislative history, common law or former statutory provisions, consequences of a particular construction, administrative construction of the statute, and any title, preamble or emergency provision. *See* TEX. GOV'T CODE ANN. § 311.023(3) (Vernon 2005).

Section 74.351 of the Texas Civil Practice and Remedies Code imposes an expert report requirement on medical malpractice claimants. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). That statute requires claimants to serve a report within 120 days of filing a claim. *See id.* The statute further provides:

> Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:
>
> (1)    written discovery as defined in Rule 192.7, Texas Rules of Civil

3

Procedure;

(2)    depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and

(3)    discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

*See id.* § 74.351(s).   The language of this statute indicates the legislature's intent to condition a claimant's ability to depose a healthcare provider upon the presentment of an expert report and curriculum vitae.   *See In re Raja*, 216 S.W.3d 404, 406 (Tex. App.–Eastland 2006, orig. proceeding).

The real parties in interest contend that the deposition of Knapp's corporate representative is "vital" because Knapp has refused to provide written discovery in a timely fashion and this discovery is necessary for the proper development of their case.  The real parties summarize their argument as follows:

> Defendant Knapp Medical Center refused to provide much of the written material requested by plaintiff.  Additionally, plaintiff provided the court with a § 74.351 threshold report by Dr. Watson detailing the negligence and causation of Dr. Vu's conduct.  Dr. Vu was provided to plaintiff by Knapp Medical Center when he presented to the hospital for minor surgery.  Dr. Vu was not only a staff anesthesiologist but director of anesthesiology for Knapp Medical Center.  Her violation of care caused plaintiff to suffer profound and permanent brain damage.  Defendant's refusal to provide all written discovery in a timely fashion or produce a representative for oral deposition after the production of Dr. Watson's report is the height of gamesmanship to force plaintiff's experts into writing their final . . . reports . . . without the information vital to a complete investigation of the acts and omissions of Knapp Medical Center through its doctors and agents.

As an initial matter, we note that, in the same order in which the trial court compelled the deposition of Knapp's corporate representative, the trial court also ordered Knapp to respond to interrogatories and requests for production.  Knapp does not attack that portion of the trial court's order in this original proceeding.  Real parties do not identify herein what

4

specific discovery, if any, they are lacking, nor do they brief or analyze the specific impact of the missing discovery on their case.

Section 74.351 requires that plaintiffs provide an expert report in each instance when asserting a claim against a healthcare provider. The statute contains no exception to the report requirement or stay of discovery because of inadequate or incomplete medical records. *See id.; In re Miller*, 133 S.W.3d 816, 818-19 (Tex. App.–Beaumont 2004, orig. proceeding) (rejecting argument that requiring a report without allowing the deposition of the defendant doctor requires a plaintiff to make "bricks without straw"). Accordingly, while we imagine that a claim could be made that discovery abuses render the expert report requirement unconstitutional in a particular case, *see, e.g., Bogar v. Esparza*, 257 S.W.3d 354, 372 (Tex. App.–Austin 2008, no pet.), the matter before us does not present such a situation.

The statute expressly prohibits "all discovery" other than the three delineated exceptions prior to service of an expert report. *Jorden*, 249 S.W.3d at 418; *see also In re Huag*, 175 S.W.3d 449, 456 (Tex. App.–Houston [1st Dist.] 2005, orig. proceeding). Decisions construing the statute have strictly applied the statutory prohibition against discovery in general. *See Jorden*, 249 S.W.3d at 418 (refusing to apply rule 202 to allow pre-suit depositions); *In re Huag*, 175 S.W.3d 449, 456 (Tex. App.–Houston [1st Dist.] 2005, orig. proceeding) (refusing to apply section 75.351(u) to expand permissible discovery). Accordingly, the statute does not allow an oral deposition of a party prior to service of an expert report.

Real parties in interest contend that the expert report that they have already produced regarding the alleged negligence of Dr. Vu obviates the need for a separate

5

report for Knapp. According to the real parties, Dr. Vu was acting as a representative of Knapp and as a partner of a joint venture with Knapp. Real parties thus cite *Gardner v. U.S. Imaging, Inc.*, 274 S.W.3d 669 (Tex. 2008), for the proposition that when a party's alleged health care liability is purely vicarious, a report that adequately implicates the actions of that party's agents or employees is sufficient. *See id.* at 671-72.

To the extent that the real parties' claims against Knapp are based on vicarious liability, we agree with real parties that they were not required to produce a separate expert report regarding Knapp. Thus, to the extent that real parties allege that Knapp is liable vicariously for Dr. Vu's acts or omissions, the expert report requirement is fulfilled as to Knapp if the existing report is adequate as to Dr. Vu. *See id.*

However, as stated in the real parties' own words in their response to the petition for writ of mandamus, the liability of Knapp in this case is "for one of vicarious liability and agency principles in addition to direct liability," and "this is not just a traditional vicarious liability case, but also a direct liability case against the hospital." In their original petition, real parties allege that Knapp is vicariously liable for Vu's acts and omissions and also allege that Knapp's negligence was a proximate cause of their injuries:

> In addition, Defendant, Knapp Medical Center Hospital was negligent and any of the following acts and/or omissions fell below the accepted standards of care in one or more of the following:
>
> A. Failing to intervene on behalf of Juan Ramos.
>
> B. Failing to provide anesthesia care that met the standard of care.
>
> C. Failing to ensure that a properly trained, qualified[,] and competent anesthesiologist was provided to Juan Ramos.
>
> D. Failing to prevent Loan Vu, M.D. from over sedating Juan Ramos.

6

E.  Failing to provide policy and procedure at Knapp Medical Center Hospital in conjunction with the procedure performed on Juan Ramos.

F.  Failing to properly screen, hire, supervise[,] and provide privileges for Dr. Loan Vu.

Under these circumstances, *Gardner* does not entirely control our analysis. Because real parties raise direct-liability claims against Knapp, including claims that Knapp itself was negligent, they were required to produce an expert report as to Knapp. *Compare Ctr. for Neurological Disorders v. George*, 261 S.W.3d 285, 294 (Tex. App.–Fort Worth 2008, pet. denied) (op. on remand) (finding an expert report deficient as to a claim for direct liability against a professional association because it only discussed the association's vicarious liability and not its specific conduct); *Univ. of Tex. Med. Branch v. Railsback*, 259 S.W.3d 860, 867-68 (Tex. App.–Houston [1st Dist.] 2008, no pet.) (holding that an expert report was required because of direct-liability theories against UTMB), *with Univ. of Tex. Southwestern Med. Ctr. v. Dale*, 188 S.W.3d 877, 879 (Tex. App.–Dallas 2006, no pet.) (holding that an expert report was not required where plaintiffs did not assert that the medical center was itself negligent); *see also RGV Healthcare Assocs. v. Estevis*, No. 13-08-00113-CV, 2009 Tex. App. LEXIS 5098, at **12-13 (Tex. App.–Corpus Christi July 2, 2009, no pet. h.) (op.).

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has shown itself entitled to the relief sought. The language of section 74.351 precludes real parties in interest from taking the deposition of Knapp's corporate representative before the filing of an expert report pertaining to Knapp. The trial court abused its discretion in granting the real parties' motion

7

to compel.

Real parties in interest have asked this Court to deny the petition for writ of mandamus, compel the production of a corporate representative for deposition, grant a thirty-day extension of time to serve "the required report," and award them costs. We deny all relief requested by the real parties in interest and direct that any request for extension of time to file a report should be directed to the trial court.

We conditionally grant the petition for writ of mandamus. We have previously ordered all proceedings in the trial court, including any and all deadlines under section 74.351 of the Texas Civil Practice and Remedies Code, to be stayed until ten days following the date that this case is finally decided. That stay order remains in effect for ten days following the date of this opinion, save and except for our direction to the trial court to rescind the portion of its June 30, 2009 order which compels the deposition of a corporate representative for Knapp. Our writ will issue only if the trial court fails to comply.

_____
GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 31st day of July, 2009.

8