NUMBER 13-09-00381-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: KNAPP MEDICAL CENTER HOSPITAL






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Benavides



 By petition for writ of mandamus, relator, Knapp Medical Center Hospital ("Knapp"),
seeks to set aside an order compelling the deposition of its corporate representative in a
healthcare liability case prior to the service of an expert report regarding Knapp. See
generally Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon 2008). We conditionally
grant the petition for writ of mandamus as stated herein.

I. Background


 The real parties in interest, Aracely Ramos, individually and as next friend of Juan
Ramos, Ofelia Ramos, and Amanda Ramos, brought suit against Knapp and Dr. Loan Vu,
M.D., for healthcare services provided to Juan Ramos. Juan Ramos had a perirectal
abscess surgically removed at Knapp; Dr. Vu was the anesthesiologist for the procedure. 
Juan Ramos suffered cardiac arrest and permanent brain damage as a result of the
procedure.

 Real parties in interest produced an expert report regarding Dr. Vu's actions, but did
not produce a separate expert report for Knapp. Real parties moved to compel the
deposition of a corporate representative for Knapp. Knapp moved to quash the deposition,
or for protection, arguing, inter alia, that real parties had not served an expert report on
Knapp. Real parties in turn moved to compel the deposition of a corporate representative
for Knapp on grounds that they could not complete their "final" expert reports without the
requested discovery. The trial court granted the motion to compel. This original
proceeding ensued. The Court has received and reviewed the response to the petition for
writ of mandamus filed by the real parties in interest herein. 

II. Standard of Review


 Mandamus is appropriate only if the trial court abused its discretion and there is no
adequate appellate remedy. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). A trial
court abuses its discretion when it acts without reference to any guiding rules or principles,
or when it acts in an arbitrary or unreasonable manner. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). An error in compelling a deposition cannot be
cured on appeal; therefore, if the deposition was improperly ordered, mandamus relief is
proper. See In re Jordan, 249 S.W.3d 416, 419-20 (Tex. 2008) (orig. proceeding) (holding
that appeal was an inadequate remedy to correct an error in compelling a presuit
deposition prior to the service of an expert report); In re El Paso Healthcare Sys., 969
S.W.2d 68, 72 (Tex. App.-El Paso 1998, orig. proceeding) ("A writ of mandamus is the
proper vehicle to attack an order granting discovery."); see also In re Lumsden, No. 14-09-00271-CV, 2009 Tex. App. LEXIS 3721, at *15-16 (Tex. App.-Houston [14th Dist.] May 21,
2009, orig. proceeding) (op.). 

III. Discussion


 When interpreting a statute, we determine and give effect to the legislative intent.
City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003). We must construe
statutes as written and, if possible, ascertain legislative intent from the statute's language.
Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001); Morrison v. Chan, 699
S.W.2d 205, 208 (Tex. 1985). When construing a statute, courts may consider the object
to be attained, the circumstances under which the statute was enacted, legislative history,
common law or former statutory provisions, consequences of a particular construction,
administrative construction of the statute, and any title, preamble or emergency provision. 
See Tex. Gov't Code Ann. § 311.023(3) (Vernon 2005).

 Section 74.351 of the Texas Civil Practice and Remedies Code imposes an expert
report requirement on medical malpractice claimants. See Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(a). That statute requires claimants to serve a report within 120 days of filing
a claim. See id. The statute further provides:

 Until a claimant has served the expert report and curriculum vitae as required
by Subsection (a), all discovery in a health care liability claim is stayed
except for the acquisition by the claimant of information, including medical
or hospital records or other documents or tangible things, related to the
patient's health care through:

 

 (1) written discovery as defined in Rule 192.7, Texas Rules of Civil
Procedure;


 (2) depositions on written questions under Rule 200, Texas Rules of Civil
Procedure; and


 (3) discovery from nonparties under Rule 205, Texas Rules of Civil
Procedure.


See id. § 74.351(s). The language of this statute indicates the legislature's intent to
condition a claimant's ability to depose a healthcare provider upon the presentment of an
expert report and curriculum vitae. See In re Raja, 216 S.W.3d 404, 406 (Tex.
App.-Eastland 2006, orig. proceeding). 

 The real parties in interest contend that the deposition of Knapp's corporate
representative is "vital" because Knapp has refused to provide written discovery in a timely
fashion and this discovery is necessary for the proper development of their case. The real
parties summarize their argument as follows:

 Defendant Knapp Medical Center refused to provide much of the written
material requested by plaintiff. Additionally, plaintiff provided the court with
a § 74.351 threshold report by Dr. Watson detailing the negligence and
causation of Dr. Vu's conduct. Dr. Vu was provided to plaintiff by Knapp
Medical Center when he presented to the hospital for minor surgery. Dr. Vu
was not only a staff anesthesiologist but director of anesthesiology for Knapp
Medical Center. Her violation of care caused plaintiff to suffer profound and
permanent brain damage. Defendant's refusal to provide all written
discovery in a timely fashion or produce a representative for oral deposition
after the production of Dr. Watson's report is the height of gamesmanship to
force plaintiff's experts into writing their final . . . reports . . . without the
information vital to a complete investigation of the acts and omissions of
Knapp Medical Center through its doctors and agents. 


As an initial matter, we note that, in the same order in which the trial court compelled the
deposition of Knapp's corporate representative, the trial court also ordered Knapp to
respond to interrogatories and requests for production. Knapp does not attack that portion
of the trial court's order in this original proceeding. Real parties do not identify herein what
specific discovery, if any, they are lacking, nor do they brief or analyze the specific impact
of the missing discovery on their case. 

 Section 74.351 requires that plaintiffs provide an expert report in each instance
when asserting a claim against a healthcare provider. The statute contains no exception
to the report requirement or stay of discovery because of inadequate or incomplete medical
records. See id.; In re Miller, 133 S.W.3d 816, 818-19 (Tex. App.-Beaumont 2004, orig.
proceeding) (rejecting argument that requiring a report without allowing the deposition of
the defendant doctor requires a plaintiff to make "bricks without straw"). Accordingly, while
we imagine that a claim could be made that discovery abuses render the expert report
requirement unconstitutional in a particular case, see, e.g., Bogar v. Esparza, 257 S.W.3d
354, 372 (Tex. App.-Austin 2008, no pet.), the matter before us does not present such a
situation.

 The statute expressly prohibits "all discovery" other than the three delineated
exceptions prior to service of an expert report. Jorden, 249 S.W.3d at 418; see also In re
Huag, 175 S.W.3d 449, 456 (Tex. App.-Houston [1st Dist.] 2005, orig. proceeding). 
Decisions construing the statute have strictly applied the statutory prohibition against
discovery in general. See Jorden, 249 S.W.3d at 418 (refusing to apply rule 202 to allow
pre-suit depositions); In re Huag, 175 S.W.3d 449, 456 (Tex. App.-Houston [1st Dist.]
2005, orig. proceeding) (refusing to apply section 75.351(u) to expand permissible
discovery). Accordingly, the statute does not allow an oral deposition of a party prior to
service of an expert report.

 Real parties in interest contend that the expert report that they have already
produced regarding the alleged negligence of Dr. Vu obviates the need for a separate
report for Knapp. According to the real parties, Dr. Vu was acting as a representative of
Knapp and as a partner of a joint venture with Knapp. Real parties thus cite Gardner v.
U.S. Imaging, Inc., 274 S.W.3d 669 (Tex. 2008), for the proposition that when a party's
alleged health care liability is purely vicarious, a report that adequately implicates the
actions of that party's agents or employees is sufficient. See id. at 671-72. 

 To the extent that the real parties' claims against Knapp are based on vicarious
liability, we agree with real parties that they were not required to produce a separate expert
report regarding Knapp. Thus, to the extent that real parties allege that Knapp is liable
vicariously for Dr. Vu's acts or omissions, the expert report requirement is fulfilled as to
Knapp if the existing report is adequate as to Dr. Vu. See id.

 However, as stated in the real parties' own words in their response to the petition
for writ of mandamus, the liability of Knapp in this case is "for one of vicarious liability and
agency principles in addition to direct liability," and "this is not just a traditional vicarious
liability case, but also a direct liability case against the hospital." In their original petition,
real parties allege that Knapp is vicariously liable for Vu's acts and omissions and also
allege that Knapp's negligence was a proximate cause of their injuries: 

 In addition, Defendant, Knapp Medical Center Hospital was negligent and
any of the following acts and/or omissions fell below the accepted standards
of care in one or more of the following:


 A. Failing to intervene on behalf of Juan Ramos.


 B. Failing to provide anesthesia care that met the standard of care.


 C. Failing to ensure that a properly trained, qualified[,] and competent
anesthesiologist was provided to Juan Ramos.


 D. Failing to prevent Loan Vu, M.D. from over sedating Juan Ramos.


 E. Failing to provide policy and procedure at Knapp Medical Center
Hospital in conjunction with the procedure performed on Juan Ramos.


 F. Failing to properly screen, hire, supervise[,] and provide privileges for
Dr. Loan Vu.


Under these circumstances, Gardner does not entirely control our analysis. Because real
parties raise direct-liability claims against Knapp, including claims that Knapp itself was
negligent, they were required to produce an expert report as to Knapp. Compare Ctr. for
Neurological Disorders v. George, 261 S.W.3d 285, 294 (Tex. App.-Fort Worth 2008, pet.
denied) (op. on remand) (finding an expert report deficient as to a claim for direct liability
against a professional association because it only discussed the association's vicarious
liability and not its specific conduct); Univ. of Tex. Med. Branch v. Railsback, 259 S.W.3d
860, 867-68 (Tex. App.-Houston [1st Dist.] 2008, no pet.) (holding that an expert report
was required because of direct-liability theories against UTMB), with Univ. of Tex.
Southwestern Med. Ctr. v. Dale, 188 S.W.3d 877, 879 (Tex. App.-Dallas 2006, no pet.)
(holding that an expert report was not required where plaintiffs did not assert that the
medical center was itself negligent); see also RGV Healthcare Assocs. v. Estevis, No. 13-08-00113-CV, 2009 Tex. App. LEXIS 5098, at **12-13 (Tex. App.-Corpus Christi July 2,
2009, no pet. h.) (op.).

IV. Conclusion


 The Court, having examined and fully considered the petition for writ of mandamus
and the response thereto, is of the opinion that relator has shown itself entitled to the relief
sought. The language of section 74.351 precludes real parties in interest from taking the
deposition of Knapp's corporate representative before the filing of an expert report
pertaining to Knapp. The trial court abused its discretion in granting the real parties' motion
to compel. 

 Real parties in interest have asked this Court to deny the petition for writ of
mandamus, compel the production of a corporate representative for deposition, grant a
thirty-day extension of time to serve "the required report," and award them costs. We deny
all relief requested by the real parties in interest and direct that any request for extension
of time to file a report should be directed to the trial court.

 We conditionally grant the petition for writ of mandamus. We have previously
ordered all proceedings in the trial court, including any and all deadlines under section
74.351 of the Texas Civil Practice and Remedies Code, to be stayed until ten days
following the date that this case is finally decided. That stay order remains in effect for ten
days following the date of this opinion, save and except for our direction to the trial court
to rescind the portion of its June 30, 2009 order which compels the deposition of a
corporate representative for Knapp. Our writ will issue only if the trial court fails to comply. 



 __________________________

 GINA M. BENAVIDES,

 Justice


 

Memorandum Opinion delivered and 

filed this the 31st day of July, 2009.