**CONDITIONALLY GRANT and Opinion Filed January 20, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00994-CV

### IN RE ASICS AMERICA CORPORATION, Relator

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-06193**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Garcia

Relator ASICS America Corporation ("ASICS") and real party in interest Shoebacca, Ltd. ("Shoebacca") are currently litigating breach of contract claims in California and in the 160th District Court in Dallas, Texas. The latter case was stayed and abated, deferring to the California court as the first-filed forum for claims between the parties.

This original proceeding arises from an ancillary action ASICS filed in the 134th District Court to enforce a subpoena issued by the California court. ASICS seeks mandamus relief from the 134th Court's refusal to strike or abate Shoebacca's substantive claims from the ancillary action. After reviewing the petition, the parties' responses, and the mandamus record, we conditionally grant the writ.

BACKGROUND

ASICS is an international athletic brand that designs and manufactures shoes, clothing, and accessories. Shoebacca is a local Texas retailer of discount footwear. In June 2010, ASICS entered into a Master Retailer Agreement (the "Master Agreement") with Shoebacca, along with a related credit agreement setting the terms for Shoebacca's purchase of goods on credit. Under those agreements, Shoebacca purchased "close-out" products, also known as "hash" goods, from ASICS. In December 2018, the parties executed a separate "Hash Agreement" for the exclusive sale of ASICS' hash shoes to Shoebacca.

On April 1, 2020, ASICS sued Shoebacca in California for breach of the Master Agreement, alleging that Shoebacca failed to pay for hash and non-hash products. ASICS also filed a declaratory relief claim regarding the application of an assurance provision in the Master Agreement to the Hash Agreement (the "California Case").

Three months later, Shoebacca sued ASICS in the 160th District Court in Dallas for alleged breach of the Hash Agreement, alleged failure to sell hash footwear as defined in the Hash Agreement, and ASICS' purported sale of hash footwear to third parties. Shoebacca later amended its breach of contract claim to allege ASICS' wrongful termination of the Hash Agreement.

ASICS moved to stay the 160th District Court action on comity grounds. Opposing the stay, Shoebacca argued that the two distinct actions would never

conflict and that Shoebacca was barred from bringing its claims in California because of an arbitration provision. The 160th District Court initially denied the stay.

ASICS later renewed its motion to stay, arguing that changed circumstances demonstrated both actions involved the same contract issues and that all disputes could be heard and resolved in the California Case. Specifically, ASICS explained that Shoebacca had (i) withdrawn its arbitration defense in the California Case, (ii) amended its answer in the California Case to assert affirmative defenses based on ASICS' alleged breach of the Hash Agreement, and (iii) filed motions for summary judgment in the 160th District Court seeking judgment on the same contractual interpretation issues it had conceded were properly decided in the California Case.

During the hearing on the renewed motion to stay in the 160th District Court, ASICS represented that it would allow Shoebacca to file all its counterclaims in the California Case and would not move to arbitrate any of them. Shoebacca has attempted to file and serve a cross-complaint on ASICS in the California Case, but the cross-complaint and subsequent versions were rejected for technical defects. According to ASICS, the defects have yet to be cured. On December 10, 2021, the 160th District Court entered an order staying the action in favor of the first-filed California Case.

Meanwhile, in the California Case, ASICS began seeking discovery from Shoebacca related to ASICS' affirmative claims and Shoebacca's putative cross-claims. Specifically, ASICS sought certain communications between Shoebacca

–3–

representative Braden Wayne—the Dallas attorney representing Shoebacca in connection with the Hash Agreement—and a third party. ASICS eventually subpoenaed Wayne directly for such information. To do so, ASICS obtained a commission for the out-of-state subpoena from the California Superior Court and served the subpoena on Wayne in Dallas.

ASICS believed Wayne was only partially responsive to the subpoena and lodged untimely or baseless objections. As a result, ASICS filed a Rule 201.2 petition for recognition and enforcement of the subpoena and requested that the court compel compliance pursuant to Rule 215.1. *See* TEX. R. CIV. P. 201.2, 215.1. This proceeding was randomly assigned to the 134th District Court of Dallas County.

On June 19, 2022, the 134th District Court entered an order granting ASICS' motion to compel. Shoebacca filed a motion for reconsideration. Shortly thereafter, Shoebacca filed an intervention petition and request for disclosures. The intervention petition asserted claims for (1) breach of contract based on ASICS' termination of the Hash Agreement; (2) breach of duty of good faith based on allegations that ASICS manufactured grounds to terminate the Hash Agreement and made arbitrary, capricious, excessive, invasive, and unreasonable demands for financial information; and (3) a declaratory relief claim to establish that the materials sought by ASICS are privileged from disclosure. Shoebacca also requested injunctive relief enjoining ASICS from selling hash footwear to any purchaser other than Shoebacca. These same claims were previously asserted in the fourth amended petition in the

160th District Court and in the California cross-complaint that was served on ASICS but rejected for filing.

ASICS then filed a notice of related case under Dallas Local Rules 1.06–1.08 in both the stayed case in the 160th District Court and the subpoena enforcement proceeding in the 134th District Court. The notice also sought transfer of the subpoena enforcement action to the 160th District Court to ensure enforcement of the latter court's stay order.

ASICS also filed a motion to strike, abate, or dismiss Shoebacca's intervention petition and plea in abatement in the subpoena enforcement action. The motion, supported by affidavit and other evidence, argued that Texas law prohibits Shoebacca from using a petition in intervention as a mechanism to assert substantive claims in an ancillary discovery action, that Shoebacca's intervention violates the doctrines of interstate comity and dominant jurisdiction because Shoebacca already has a pending suit in a different Dallas County District Court asserting virtually the same claims, that the intervention violates the stay in 160th District Court, and that the intervention is untimely because it was filed last minute to unjustifiably delay or complicate a proceeding.

The 134th District Court granted Shoebacca's motion for reconsideration of ASICS' motion to compel and advised that it would hear argument regarding the motion at a later date.

Shoebacca's California counsel subsequently confirmed in court that Shoebacca possessed the documents ASICS had been seeking through the Wayne subpoena. Thus, ASICS withdrew its subpoena for Wayne and nonsuited its petition to enforce it in the 134th District Court.

Shoebacca filed a response to ASICS' motion to strike its intervention petition, and ASICS replied. ASICS' reply noted that the ancillary proceeding to enforce the subpoena against Wayne had been nonsuited and argued that the nonsuit rendered Shoebacca's privilege claim moot.

The 134th District Court heard argument on ASICS' motion to strike and on September 7, 2022, issued an order denying ASICS' motion without explanation. The court set Shoebacca's claims for trial in July 2023. ASICS petitioned this Court for mandamus relief from the September 7 order and requested that we stay the underlying proceeding in the 134th District Court pending resolution of the writ. We entered an order staying the case until further order of this Court.

## ANALYSIS

ASICS argues the trial court abused its discretion by refusing to strike or abate Shoebacca's substantive claims from the underlying subpoena action because: (i) the 160th District Court retains jurisdiction and Shoebacca is not entitled to proceed on claims that are materially identical to those pending in and stayed by that court, (ii) interstate comity requires that the court strike Shoebacca's intervention because the parties can obtain the same relief in the first-filed California Case, and (iii) an

–6–

intervenor is not entitled to assert substantive claims in an ancillary discovery action. ASICS further argues that the court should have dismissed Shoebacca's request for declaratory relief based on privilege because the Wayne subpoena was withdrawn and the motion to enforce it was nonsuited, rendering Shoebacca's request moot.

To obtain mandamus relief, relators must show both that the trial court has clearly abused its discretion and that they have no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). We conclude that ASICS meets these requirements here because a Rule 201.2 proceeding is ancillary and incident to another proceeding and does not constitute an independent lawsuit in which claims may be adjudicated on the merits. We further conclude that ASICS has no adequate remedy by appeal.

Texas Rule of Civil Procedure 201.2 provides that if a court of record in another state or foreign jurisdiction issues a mandate, writ, or commission that requires a witness's testimony in Texas, "the witness may be compelled to appear and testify in the same manner and by the same process used for taking testimony in a proceeding pending" in Texas. TEX. R. CIV. P. 201.2; *accord* TEX. CIV. PRAC. & REM. CODE ANN. § 20.002. There is no Texas authority addressing whether an intervenor may assert substantive claims in an action brought under Rule 201.2 to enforce an out-of-state subpoena. Accordingly, we examine the scope of the court's authority in such actions, as well as in analogous ancillary proceedings.

Texas courts have held that the out-of-state court with jurisdiction over the underlying case in a Rule 201.2 action is generally charged with determining the relevancy and materiality of evidence sought by a party seeking a deposition in Texas, while the Texas court has the obligation to protect the witness's legal rights. These rights include the witness's right to avoid compelled production of privileged evidence. *See Centennial Psychiatric Assocs. v. Cantrell*, No. 14-17-00391-CV, 2017 WL 6544283, at *6 (Tex. App.—Houston [14th Dist.] Dec. 21, 2017, no pet.) (mem. op). Thus, in deciding whether to execute an out-of-state discovery request, a Texas court may not consider the requested discovery's relevance or materiality to the lawsuit pending in the other state, because those matters are to be determined by the out-of-state court with jurisdiction over the underlying litigation. *See In re Issuance of Subpoenas for the Depositions of Bennett*, 502 S.W.3d 373, 377–78 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("requests for relief based on the scope of discovery are properly addressed to [the out-of-state] court").

A court's authority to protect a witness' legal rights, such as to avoid compelled production, relates to a court's discretion under Rule 201.2 to execute a foreign discovery request. The adjudication of claims on the merits, however, bears no relationship to that discretion. It follows that, like the determination of relevance and materiality, the merits of a case are to be determined by the out-of-state court with jurisdiction over the underlying action.

Cases involving other types of ancillary actions further inform our analysis. An ancillary proceeding is one that aids another proceeding considered as principal. *See Ramsey v. Gardner*, 279 S.W.2d 584, 590 (Tex. 1955) (orig. proceeding). For example, "[a] Rule 202 proceeding to conduct pre-suit discovery from a party against whom a claim is contemplated is ancillary to the contemplated claim; it is 'in aid of' and incident to the anticipated claim." *Bennett v. Zucker*, No. 05-19-01445-CV, 2021 WL 3701365, at *4 (Tex. App.—Dallas Aug. 20, 2021, pet. denied) (mem. op.) (citing *In re Clapp,* 241 S.W.3d 913, 917 (Tex. App.—Dallas 2007, orig. proceeding)). Thus, "a party filing a Rule 202 petition does not assert a substantive claim or cause of action." *Id*., (citing *Houston Tennis Ass'n, Inc. v. Thibodeaux*, 602 S.W.3d 712, 718 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Our sister court has considered whether an intervenor may assert substantive claims in a matter commenced through a Rule 202 petition for pre-suit discovery. *See Rodriguez v. Cantu*, 581 S.W.3d 859, 869 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.). In that case, the trial court denied respondent's motion to strike intervenor's substantive claims, but the appellate court granted mandamus relief, holding that it was "improper[ ] [to] attempt[ ] to use a pending Rule 202 proceeding to institute substantive claims for relief." *Id.* The court explained that a Rule 202 proceeding "is not a separate independent lawsuit but is instead in aid of and incident to" another suit that is yet to be filed. *Id*. at 868. A Rule 202 proceeding "does not place unfiled claims before the trial court for adjudication on the merits."

–9–

Instead, a Rule 202 petitioner "simply acquires the right to obtain discovery" and "does not seek or contemplate further relief from those third parties." *Id.* at 866 (internal quotation marks and citations omitted). Because a Rule 202 proceeding "d[oes] not constitute an independent lawsuit," an intervenor may not raise substantive claims within such a proceeding. *Id.* at 869.

Likewise, this case involves an ancillary discovery proceeding. It is not an independent lawsuit. In terms of whether substantive claims are permissible, we see no distinction between proceedings initiated under Rule 201.2 and those initiated under Rule 202. Indeed, the nature of an ancillary discovery proceeding is such that no claims are before the trial court for adjudication on the merits. To conclude otherwise would effectively allow the transfer of litigation first filed in another state to Texas when a party seeks discovery enforcement in Texas. Allowing such an application defeats rather than serves the purpose of the Rule. *See Ex parte Godek*e, 355 S.W.2d 701, 704 (Tex. 1962) (orig. proceeding) (Rules of Civil Procedure construed to promote harmony not discord).

We are further guided by the language of the Rule itself. The same rules of construction that govern the interpretation of statutes govern the interpretation of the rules of civil procedure. *Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 447 (Tex. App.— Fort Worth 2015, no pet.). We rely on the plain meaning of the text unless a different meaning is supplied by definition, is apparent from the context, or the plain meaning would lead to a nonsensical or absurd result. *See id*.; *Lenz v. Bank of Am., N.A.*, 510

S.W.3d 667, 669 (Tex. App.—San Antonio 2016, pet. denied). We presume the Texas Supreme Court said what it meant when it promulgated the Rules of Civil Procedure. Rule 201.2 makes no reference to substantive claims, but rather, only to the execution of an out-of-state discovery request. Had the Supreme Court wished to allow the adjudication of substantive claims pending in a first filed foreign case within a Rule 201.2 proceeding, it would have so stated in the Rule.

Because a Rule 201.2 proceeding provides no mechanism for the adjudication of substantive claims, we conclude the trial court abused its discretion by refusing to strike Shoebacca's intervention.

We next consider whether ASICS has an adequate appellate remedy. *See Prudential*, 148 S.W.3d at 135–36. An appellate remedy is "adequate" when any benefits to mandamus relief are outweighed by the detriments. *Id.* at 136.

Interventions by uninvited participants have the potential to disrupt suits. *In re Union Carbide Corp.*, 273 S.W.3d 152, 156 (Tex. 2008) (orig. proceeding) (per curiam). In *Union Carbide*, the trial court refused to strike an intervention, and the court of appeals denied the petition for mandamus. The Texas Supreme Court, however, concluded that the intervention was improper and there was no adequate remedy by appeal. In so concluding, the court noted that the error allowed the intervenors to circumvent the rule for random assignment of cases and select the trial court in which to assert their claims. *Id*. at 157.

Weighing the detriments and benefits of mandamus relief, the court found significant benefit in granting relief because procedures for the assignment of cases are designed to prevent forum shopping, and practices that subvert such procedures breed disrespect for and threaten the integrity of the judicial system. *Id.* On the other hand, the court found there would be insignificant detriment to either party or the judicial system if mandamus relief was granted because the intervenors' claims had also been filed in a separate suit. *Id.*

Similarly, Shoebacca's attempt to assert claims pending in the California Case in the underlying proceeding is tantamount to forum shopping. Forum shopping and erroneous application of the Rules of Civil Procedure are detrimental to the judicial system. Moreover, the erroneous inclusion of substantive claims in the underlying proceeding disrupts and unnecessarily complicates the case, particularly when the subpoena enforcement has been nonsuited.

Conversely, there is insignificant detriment, if any, to either party or the judicial system if mandamus relief is granted. There is no detriment from proper application of Rule 201.2, and Shoebacca can pursue its claims in the pending California Case. We therefore conclude that ASICS lacks an adequate remedy by appeal and is entitled to mandamus relief.

## CONCLUSION

We lift the stay imposed by this Court's November 28, 2022 order. We conditionally grant ASICS' petition for writ of mandamus and direct the trial court

to enter a written order within fifteen (15) days of the date of this opinion: (i) vacating its September 7, 2022 order denying relator's motion to strike and (ii) striking Shoebacca's intervention. We are confident the trial court will comply, and the writ will issue only if it fails to do so.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

220994F.P05